### 3234.   FORD *v.* THE STATE.

Considered separately and apart from the evidence and the court's charge
as a whole, some of the instructions quoted in the motion for a new
trial contain slight abstract inaccuracies of expression, but no material
error appears which would authorize the setting aside of a second suc-
cessive verdict of guilty of the same offense, on conflicting evidence
largely preponderating against the accused.
DECIDED OCTOBER 23, 1911.

Conviction of manslaughter; from Worth superior court—Judge
Frank Park.   January 14, 1911.

*Tison & Causey, Forehand & Son, Claude Paylon,* for plaintiff
in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

RUSSELL, J.   The verdict now under review is the second successive conviction of the defendant of voluntary manslaughter.   The first conviction was set aside by this court for the reasons shown in the opinion as published in the previous report of the case.   See *Ford* v. *State,* 2 *Ga. App.* 834 (59 S. E. 88).   The evidence on the second trial is substantially the same as formerly, and would have authorized a verdict of deliberate murder, or of any grade of manslaughter, or an acquittal on the theory of self-defense.   The motion for a new trial is based solely on alleged errors in the court's charge, with the exception of some alleged newly discovered evidence, which is merely impeaching and cumulative, and which would not, in the absence of other harmful error, justify a reversal of the judgment.   The ability and skill of learned and astute counsel are fully evinced in the twenty grounds of the amended motion, all based on alleged errors in the judge's charge.   After a very careful and painstaking consideration of every ground, and an examination of the authorities cited by counsel and the arguments presented, we have concluded that the ends of justice have been attained, and that a new trial ought not to be granted.

This being a second successive verdict of guilty, on conflicting evidence largely preponderating in favor of the verdict rendered, a new trial should not be granted, except for harmful error.   Taken as a whole, the charge was fair and full, and was notably free from error.   By quoting excerpts from various portions of the charge, learned counsel have been able to find inaccuracies in the abstract, which, when considered in the light of the charge as a whole, manifestly appear not to have harmed the defendant.   In fact, so skilfully has the charge been riddled, in an effort to find some portion of it which contains error, that we are reminded of the ingenuity of England's attorney-general in drafting the information against Stockdale, the Piccadilly bookseller, who published the book of Rev. Mr. Logan containing a defense of Warren Hastings, which the government claimed contained libelous observations on the House of Commons.   The attorney-general included in the information excerpts from the book, selected at random, which, when read successively and apart from the book as a whole, were colorably libelous.   In arguing the case for Stockdale, the brilliant Lord Erskine called attention to the fact that the book as a whole would have to be read before any part of it could be called libelous.   To

illustrate his point, he said that by the method adopted the attorney-general could prove by the Bible itself that there is no God; whereupon he picked up the Bible and turned to the first verse of the fourteenth psalm and read the following: "There is no God." He then read the verse as a whole, as follows: "The fool hath said in his heart, There is no God." So, oftentimes in determining whether an excerpt from a judge's charge is harmfully erroneous, it must be considered in the light of the charge as a whole, and also in the light of the evidence and the whole case as developed on the trial. We have so considered the alleged errors in the excerpts from the charge in the present case, and are fully convinced that no reason appears why a new trial should be granted.

*Judgment affirmed.*