## 58842. BURNETT v. THE STATE.

BANKE, Judge.

Appellant was convicted of theft by shoplifting upon an indictment alleging that he "did conceal the merchandise of J. C. Penney... consisting of Twenty-Four Bottles of Cologne and Two Bottles of After-Shave Lotion... with the intention of appropriating the said merchandise to his own use without paying for the same..." On appeal he complains that the trial court's charge defining the offense was impermissibly broader than the indictment. Appellant also complains that the charge was based upon a former, now repealed version of the present statute.

The trial court charged that "[A] person commits theft by shoplifting whenever, in any mercantile establishment in which merchandise is displayed for sale in such place of business as to be readily accessible to person shopping therein, if he, one, removes any such merchandise from the immediate place of display, or, two, conceals any such merchandise, or, three, transfers any such merchandise from a container, in which it may be displayed to any other container, with the intent to appropriate such merchandise to his own use, or to deprive the owner of possession thereof or of the value thereof in whole or in part..." Appellant argues that this charge authorized a finding of guilty upon any of three theories, whereas the indictment set forth only one. *Held:*

It is clear, as the state concedes, that the trial court's charge was based on former Code Ann. § 26-1802 (b) (Ga L. 1968, pp. 1249, 1290; 1974, pp. 468, 569; 1975, pp. 876, 877), rather than on the current shoplifting statute set forth in Code Ann. § 26-1802.1 (Ga L. 1978, pp. 2257, 2260). A comparison of the current shoplifting statute with the former version used by the trial court in its charge reveals that the first method of committing the offense used in the trial court's charge, i.e., "removes any such merchandise from the immediate place of display," did not carry over into the present version of the statute. There was evidence sufficient to support a finding that appellant "concealed" the merchandise as alleged in the indictment. However, his removal of the merchandise from the immediate place of display was an act which by itself is no longer criminal. "Having given the erroneous instruction, it could only be corrected by the judge expressly withdrawing it and instructing the jury to disregard it." *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776) (1966).

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED DECEMBER 5, 1979.

*James B. Pilcher*, for appellant.
*M. Randall Peek, District Attorney*, for appellee.