60108. GRIZZLE v. THE STATE.

McMURRAY, Presiding Judge.

By accusation defendant was charged with shoplifting two items having a value of $7.76 from a drug store "by removing said merchandise from the immediate place of display." Defendant was convicted and sentenced to serve a full term of 12 months and to pay a fine of $250 with the privilege of being discharged from the sentence by payment of the fine. However, there was added thereto a requirement that "after serving 60 days in . . . jail and payment of the fine, the remaining 10 mos. may be served on probation." Defendant appeals. *Held:*

1. The basis for the charge was that of the arresting officer who was working part-time as an "off duty security officer" in the drug store. The officer testified that she observed the defendant pick up "a package of nail tips" as she went about through the store. The officer followed her to the checkout counter "at which point . . . [the officer] . . . didn't see the nail tips, and when she started to exit the store . . . [the officer] . . . stopped her . . ." The officer advised her of her constitutional rights under the Miranda warning and told her that she would like to check her pocketbook. Items which were contained in the nail tip kit were found loose in her purse. Defendant was then searched and the nail tips themselves "which are enclosed in a plastic wrapper" were found concealed on her person. The "eye accent crayons" were found in the waist band of defendant's skirt but the

officer never observed her picking up the crayons in the store. At the close of the evidence the trial court instructed the jury to disregard the charge as to "the eye coloring pencil or whatever it was they referred to as eye shade" ("one Loreal Eye Accent Crayon") and not to consider that evidence in their deliberation.

Error is enumerated that the evidence is insufficient to support a conviction for the offense of shoplifting and that the court erred in denying a directed verdict of acquittal. The evidence was sufficient to support the charge of theft by shoplifting in that she did conceal or take possession of a box containing a kit of nail tips, inasmuch as the nail tips which were contained in a plastic wrapper were found concealed on her person and other items contained in the nail tip kit were found in her purse. When confronted with the fait accompli the officer asked her where it was in the store that she had discarded the box. Thereupon defendant freely and voluntarily took the officer to where the box had been discarded but did not make a statement as to where the box came from. Her defense at the trial was that she had purchased the items elsewhere in another drug store. After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt of the offense of shoplifting. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916). These enumerations of error are not meritorious.

2. Plaintiff next contends that the trial court erred in failing to charge Code Ann. § 26-1802.1 (c) (Ga. L. 1978, pp. 2257, 2258) which refers to value as meaning "the actual retail price of the property at the time and place of the offense." Here the security officer testified as to the exact amount when asked as to the value of the nail tips as valued at "$4.79." While the trial court did not in charge instruct the jury as to the meaning of value contained in the law defining shoplifting as the actual retail price of the property, nevertheless, we find no harmful error in that the crime was a misdemeanor, that is, having a value of less than $100. Further, there was no written request to charge as to value. Since we find no harmful error, this enumeration of error is not meritorious. See *Arnold v. State,* 139 Ga. App. 594 (3) (229 SE2d 77).

3. Error is enumerated to the failure to instruct the jury in its charge not to consider whether or not the defendant unlawfully took a "Loreal Eye Accent Crayon" in reaching a decision as to the guilt or innocence of the defendant. However, it is clear that the trial court did instruct the jury at the close of evidence to disregard the evidence with reference to the "eye coloring pencil or whatever it was they referred to as eye shade," and not to consider that in evidence in their

deliberation. While the trial court did again read the accusation to the jury which contained therein the "Loreal Eye Accent Crayon," we believe the jury fully understood that this portion of the charge was being dismissed. Since the evidence was ample to support the verdict of guilty as to the taking of the nail tips the error would be harmless here since the reading of the accusation as to the eye coloring pencil would not have confused the jury.

4. Defendant next contends that the trial court erred in charging the jury in connection with shoplifting or theft by taking by defining same as "when in any mercantile establishment in which merchandise is displayed for sale in such manner as to be readily accessible to persons shopping therein she or he removes any such merchandise from the immediate place of display" with the intent to appropriate such merchandise to his own use or to deprive the owner of the possession thereof or of the value thereof in whole or in part. This language is no longer in the shoplifting statute. Defendant contends that the court erred in charging the substance of the older code section, Code Ann. § 26-1802 (Ga. L. 1968, pp. 1249, 1290; 1974, pp. 468, 469; 1975, pp. 876, 877) which has since been rewritten as found in Ga. L. 1978, pp. 2257, 2258, so as to separate theft by taking now found in Code Ann. § 26-1802 and theft by shoplifting found in Code Ann. § 26-1802.1, supra.

In *Burnett v. State,* 152 Ga. App. 738, 739 (264 SE2d 33) (1979), this court reversed the conviction where the almost identical charge was given, pointing out therein that the language "removes any such merchandise from the immediate place of display" is no longer an offense of shoplifting and such act, by itself, is no longer criminal. This case is controlled by *Burnett v. State,* 152 Ga. App. 738, 739, supra, in that the trial court, in having too broadly instructed the jury by giving an erroneous instruction as to the definition of shoplifting, the erroneous charge could only be corrected by the trial court expressly withdrawing it and instructing the jury to disregard it. See *Salisbury v. State,* 221 Ga. 718 (2) (146 SE2d 776). This was not done in this case.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMTTED JUNE 6, 1980 — DECIDED JUNE 26, 1980.

*William S. Hardman,* for appellant.
*Howard Oliver, Jr., Solicitor,* for appellee.