## 38805. ALLEN v. STATE OF GEORGIA.

CLARKE, Justice.

Bernard Allen was tried and convicted in Fulton County, Georgia, for the murder of Wayne O'Kelley. He was sentenced to life imprisonment and brings this appeal.

During a visit by Allen to the victim's apartment on July 11, 1981, the two men became involved in an argument which resulted in the shooting of the victim. Two sisters, Brenda and Tammy Evans, witnessed the shooting from their apartment and testified for the state. Both sisters testified to hearing the men arguing over money. Brenda Evans testified that appellant slapped the victim, and the two men struggled on the ground. Allen pulled a gun and struck the face of the victim, who was on top of him. The victim got up and started to leave, but Allen hit him from behind on the back of the neck. At this point the victim picked up a broom and came toward Allen, who shot him as he approached. Brenda Evans testified that the victim was not "right up on" Allen but about ten feet away and that Allen was not against a wall but had room to get away.

Tammy Evans' testimony closely followed that of her sister, although she estimated the distance between the men at the time of the shooting as five feet. A third witness for the state, Dorothy Reid, testified to seeing Allen shoot the victim when the men were about ten feet apart.

Allen's testimony, the only testimony offered by the defense, was that the men argued over money, that during the tussle he pulled the gun "to get him to leave me alone," and that he shot the victim after he picked up a stick. He denied that the victim walked away or that he struck him in the back of the neck.

1. Allen's first enumeration of error is that the verdict was against the weight of the evidence, specifically in regard to the element of malice. There were three eyewitnesses to the murder. All three testified that the victim and Allen were some distance apart and that the victim was armed only with a broom when he was shot. Two of the witnesses also testified that before picking up the broom the victim tried to break away from the encounter only to be struck from behind by Allen. The court charged the jury on justification, self-defense, mutual combat, and voluntary manslaughter. The evidence was clearly sufficient to support the jury's verdict of murder under the test set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error Allen contends that the court improperly instructed the jury as to mutual combat. The basis of this enumeration of error is that the charge was too lengthy and

confusing. He does not, however, point to which portion of the charge is confusing. A review of the charge indicates that the charge is simply a fuller explanation of Code Ann. § 26-902 (b) and is not incorrect. The mere fact that the charge is lengthy does not make it erroneous. The fact that it is somewhat repetitious does not alone render it confusing. *Clements v. State,* 214 Ga. 569 (105 SE2d 725) (1958). This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Derek Harrison Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.