66133. BROWN v. THE STATE.

BIRDSONG, Judge.
Nathaniel Brown was charged with murder but convicted of voluntary manslaughter. He was sentenced to twelve years with eight

to serve. He brings this appeal enumerating six alleged errors. *Held:*

1. In his first enumeration of error, Brown urges error in the admission of a photograph of the deceased taken in the autopsy room. Brown asserts that the photograph was unnecessary and was offered by the state to inflame the minds of the jurors. The state offered two photographs of the deceased, one showing the deceased, fully clothed and full length, lying on a table. The second photograph showed only the head and face of the deceased. The purpose announced by the state in its offer of these two photographs was to identify the deceased. In point of fact, witnesses who identified the deceased did so from these photographs. We are satisfied that the photographs, both of them, were material and necessary to establish the identity of the body upon which the autopsy was performed, to show the cause of death and to establish that the deceased was in fact the person alleged in the indictment. We find no merit in this enumeration. *Meeker v. State,* 249 Ga. 780 (294 SE2d 479).

2. Brown argues in his second enumeration that the trial court erred in denying an oral request to precharge the jury at the beginning of the trial. The trial court observed that such a charge was highly appropriate and that such a charge normally would be given. In this case, however, the court noted that no written request had been presented to the court in sufficient time before the proceedings started to allow the court to prepare for such a charge. The trial judge stated he had no copy of a precharge available and declined to delay the proceedings in order to prepare himself to give the orally requested charge.

There is no requirement that a trial court give a precharge on substantive matters such as reasonable doubt and presumption of innocence or the functions of the various parties to the trial. While such a charge is certainly beneficial and undoubtedly educates lay personnel, we decline to find error in circumstances such as are presented in this case. See *Cagle v. State,* 160 Ga. App. 803 (287 SE2d 660); *Clark v. State,* 141 Ga. App. 257-258 (233 SE2d 246). The court did not err in this regard.

3. Brown projects error in the charge of the court on the issue of mutual combat. In its original charge, the court gave a full charge on the concept of mutual combat but inadvertently told the jury that if it found the principles established as enunciated in the charge the jurors would be warranted in finding Brown guilty of *involuntary manslaughter.* When this slip of the tongue was brought to the attention of the court, the court recharged the jury fully on the issue of mutual combat, told the jury to disregard the earlier charge and its

reference to involuntary manslaughter and made a most conscientious effort to clear up any ambiguity. When asked if there was any objection to the recharge (i. e., the charge as a whole), counsel for Brown indicated there were no objections. Now on appeal, Brown seeks to have this court find the combined charge on mutual combat to be confusing and that the recharge could not clear up that confusion. We have no hesitancy in concluding that the trial court's action in informing the jury that his earlier charge contained an inadvertent slip of the tongue and to disregard any reference to involuntary manslaughter followed by an admittedly correct charge on voluntary manslaughter-mutual combat, was amply sufficient to eradicate any potential error. *Grizzle v. State,* 155 Ga. App. 91, 93 (270 SE2d 311); *Burnett v. State,* 152 Ga. App. 738, 739 (264 SE2d 33). Moreover, Brown, when offered the opportunity to offer objection, stated he had none. Any objection to the recharge therefore was waived on appeal. *White v. State,* 243 Ga. 250 (253 SE2d 694). While the actual charge on mutual combat was somewhat lengthy and detailed, we do not find it incorrect or confusing. It was simply a fuller explanation of the law of voluntary manslaughter incorporating principles of mutual combat. See *Allen v. State,* 249 Ga. 779 (294 SE2d 491).

4. Brown argues in his fourth enumeration that the trial court erred in denying his motion for mistrial after the prosecutor argued in closing that Brown's testimony at trial was different than what he had related to the police immediately after the shooting. Brown complains that this amounted to a comment upon his right to silence because, though he made a limited statement, he thereafter invoked his right to silence. When he was arrested following his report of the shooting, Brown stated simply that the deceased had been messing with him all night but declined to admit any further details of the shooting. At trial Brown testified to an assault upon himself by the deceased and his fear that the deceased might harm him (Brown) or his family and that was the reason he shot the deceased. During a Jackson-Denno hearing, the trial court had admonished the prosecutor not to mention the fact that Brown had invoked his right not to say anything further.

We find no error in this denial of a motion for new trial. This was not an impermissible comment on the appellant's right to remain silent, because the evidence showed that Brown did not remain silent. He made differing statements after arrest and during trial. Conflicting or different statements have always been an appropriate and sometimes vital subject of inquiry and impeachment. If appellant has recently manufactured self-serving and exculpatory

evidence, the jury surely was entitled to know of that possibility and weigh it in their deliberations. *Bridges v. State,* 242 Ga. 251 (248 SE2d 647); *Watkins v. State,* 160 Ga. App. 9, 11-12 (285 SE2d 758). We find no error in this enumeration.

5. Brown contends in his fifth enumeration the trial court erred in refusing to charge the jury on the law of justifiable homicide. The evidence developed by Brown showed that the deceased had been bumping and elbowing Brown for a short period of time and stated his reason for doing so was because he wanted to do so. Brown contended also (though disputed by the state's evidence) that the deceased slapped him, knocked him down, and kicked him in the groin and back. Brown's own testimony then was that he left the bar and was wholly free to leave in his vehicle. When he started to get in his car, he saw his pistol lying on the dash and in his anger decided to go back. Brown then walked back into the bar and coolly shot the deceased twice, though there was no further evidence of force manifested by the deceased or that the deceased ever displayed a weapon.

The trial court fully charged on self defense (of self or family) and characterized such a defense as a form of justifiable homicide. As we view the evidence, appellant presented as his defense that of self defense. His defense of justification therefore was fully included in the charge on self defense. *Hill v. State,* 156 Ga. App. 518 (275 SE2d 104). Moreover, we note that Brown did not present the trial court with a written request to amplify its charge on justification (self defense) and thus did not place the trial court on notice that he desired any particular charge on justification in addition to that of self defense. In the absence of a written request, there was no error in the omission of such a charge. *Young v. State,* 163 Ga. App. 507, 508 (295 SE2d 175); *McCane v. State,* 147 Ga. App. 730 (250 SE2d 181). We find no error in the charge on justification.

6. In his last enumeration of error, Brown complains that the evidence was insufficient to support a conviction of voluntary manslaughter. There is no merit in such enumeration. Appellant fully admitted shooting the victim twice. He admitted that he left the bar with complete freedom to continue on his way without interference by the victim. He admitted his anger was so great that he returned to the bar and that he did so because he was tired of the deceased messing with him. He shot him twice and presented no evidence of renewed violence by the victim or that the victim was armed in any way. A finding that Brown intentionally killed his victim acting under heat of passion (anger or fear) caused by adequate provocation is clear support for a finding of voluntary manslaughter. As we view the evidence in the transcript, there was sufficient evidence to convince any rational finder of fact of the

essential elements of voluntary manslaughter beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 21, 1983.

G. Terry Jackson, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.