## 67496. LANE v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of shoplifting nine articles of women's apparel from a DeKalb County department store. In her appeal, she questions the sufficiency of the evidence and several acts of the trial court.

1. At the time of the incident herein involved, the shoplifting

statute provided as follows: "A person commits the offense of theft by shoplifting when he, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment . . ." OCGA § 16-8-14 (a)(1).

The evidence presented by the state showed that appellant was arrested as she sat in an automobile which was parked in the parking lot of the store in question. The store's security personnel testified that they had approached appellant after she had been identified as an accomplice by a woman who had been caught leaving the store with merchandise for which she had not paid. When she was arrested, appellant was sitting on a purse which contained nothing but merchandise from the store, and she was looking through a shopping bag which also contained clothing from the store. Another purse containing nothing but store merchandise was found on the backseat of the car. Each of the articles had a price tag affixed to it, and none of the bags contained a receipt for the merchandise. The woman who directed the security personnel to appellant testified that she, appellant, and two others had arrived at the store together; that appellant had said she was going to steal merchandise from the store; and that appellant entered the store and returned to the car five minutes later with her pocketbook full of merchandise. Another of the car's passengers testified that she had purchased four of the blouses found in the car from another branch of the department store approximately one week prior to this incident. Appellant was subsequently convicted of shoplifting all the items found in the car and was given a felony sentence because the total value of the goods exceeded $100. See OCGA § 16-8-14 (b)(1). After reviewing the trial transcript, we must conclude that a rational trier of fact was authorized to conclude beyond a reasonable doubt that appellant was guilty of shoplifting those items found in the pocketbook upon which she was sitting at the time of her arrest. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). However, we are constrained to hold that the evidence presented at trial did not authorize the jury to find appellant guilty of shoplifting the items found in the shopping bag and in the purse on the backseat. Inasmuch as the items actually shoplifted (the contents of the pocketbook upon which appellant was sitting) cannot be precisely ascertained, we must remand the case to the trial court for misdemeanor sentencing because there is no evidence that the value of the shoplifted goods exceeded $100. *Dotson v. State*, 144 Ga. App. 113 (2) (240 SE2d 238).

The only thing connecting appellant with the merchandise she was accused of shoplifting was its and her presence in her car, and her

act of looking through the items in the shopping bag. That is not evidence that *she* had taken possession of the store's merchandise, especially in light of the uncontradicted testimony of one of the parties involved that some of the merchandise was hers. In fact, there was no evidence that the goods in question were stolen property. The presence of price tags on the clothing is not evidence that the goods had been stolen in light of the testimony of a store employee who stated that price tags remain affixed to merchandise which is sold by the store. Furthermore, no store employee was able to identify the items in question as stolen merchandise. Even if we were to assume that the absence of a sales receipt permits the inference that the goods were stolen, there is still no evidence that appellant was the thief. The evidence adduced at trial comes closest to proving that appellant committed theft by receiving stolen property (OCGA § 16-8-7), and that is not the crime with which she was charged in the indictment.

The shoplifting statute in effect at the time of this incident was designed to punish those who actually steal from a mercantile establishment or who deprive that establishment of the possession or value of its goods. Convictions were generally based upon the testimony of an eyewitness who caught the defendant "red-handed." The General Assembly recently amended the shoplifting statute to include as offenders those acting "in concert with" the classic shoplifter. See OCGA § 16-8-14 (a) (Ga. L. 1983, p. 457, § 1). Because there was no evidence that the goods in question were stolen or that appellant had taken them from the store, her felony sentence for shoplifting those items cannot stand. Cf. *Grizzle v. State*, 155 Ga. App. 91 (1) (270 SE2d 311).

2. In light of the foregoing, we need not address the remaining enumerated errors.

*Judgment affirmed in part and vacated with direction in part. Birdsong, J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 28, 1984.

*Victoria D. Little*, for appellant.

*Robert E. Wilson, District Attorney, Michael M. Sheffield, Ann Poe Mitchell, Assistant District Attorneys*, for appellee.