73185. SPENCER v. THE STATE.
(349 SE2d 513)

BANKE, Chief Judge.

Laurie Spencer appeals her convictions of armed robbery and kidnapping.

The evidence, construed in favor of the verdict, supports the following findings. The victim, Hassen Sebree, met appellant at an Atlanta hotel, where she was working as a prostitute and living with her boyfriend, Robert Wind. The victim paid appellant money and engaged in sex with her. Two weeks later, he returned to the hotel, again seeking her services. The two entered appellant's motel room, where Robert Wind and Larry Cook, both of whom were indicted along with appellant, were present. Wind and Cook left the room briefly; and, upon his return, Wind pointed a pistol at the victim, ordered him to get on the floor and threatened to kill him if he resisted.

While this was taking place, appellant was sitting on the bed, watching television.

Cook removed the victim's wallet and car keys from his pockets and handed them to appellant, who looked through the wallet and advised the victim that his keys would be returned to him "afterwards." At one point, Wind gave the pistol to appellant, showed her how to hold it and told her to shoot if the victim moved. Thereafter, Wind and Cook led the victim to his car and drove him away in it. While on the interstate, the victim attempted to grab the pistol from Wind and in the ensuing struggle was shot twice. Wind and Cook then dumped the victim on the side of the road and left in his car. Wind and appellant were subsequently arrested in California and charged with another armed robbery. *Held*:

1. Appellant contends the trial court erred in allowing the state to introduce evidence concerning certain other robberies in which she had been involved.

The trial court permitted a California police detective to read into evidence a portion of the detective's written summary of an oral statement given to him by appellant after she and Wind had been arrested for robbery in California. Included in the statement was a description of the events surrounding the kidnapping and armed robbery for which the appellant was on trial, as well as an admission by her that she and Wind had been involved in four separate robberies in the State of California since fleeing Georgia.

" '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cit.]' " *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

In the present case, appellant had admitted being involved in the separate offenses and there was a clear similarity between those offenses and the robbery for which she was on trial. Thus, evidence of the independent crimes was admissible under the test set forth in *State v. Johnson*, supra.

In addition, appellant admitted on direct examination that she had earned money by means of prostitution and had been a party to certain illegal drug transactions. In *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985), the Supreme Court held that when "a defendant admits any prior criminal conduct less than all his criminal of-

fenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b), . . . [with the result that] the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." The evidence of the separate offenses was clearly admissible under the *Phillips* standard, as well.

2. Appellant further contends that the trial court erred in admitting only the inculpatory portion of her in-custody statement, while excluding certain exculpatory portions. While it has long been held that a defendant's confession must be admitted in its entirety, see *Long v. State*, 22 Ga. 40, 42 (1857); *Baker v. State*, 127 Ga. App. 99, 101 (192 SE2d 558) (1972), we conclude that appellant waived the right to have the exculpatory portions of her statement introduced in this case by failing either to object to the admission of the inculpatory portion on this ground or to request that the exculpatory portion of the statement be admitted as well. The fact that the appellant's original objection to the statement was made by motion in limine did not obviate the need for such action at trial. See *Robinson v. State*, 173 Ga. App. 260 (3) (325 SE2d 882) (1985).

3. Prior to trial, appellant filed a discovery motion specifically directed to any oral or tape-recorded statements made by her. In response, the state produced the California officer's written synopsis of her statements made during his interrogation of her. Appellant repeatedly requested that the state also produce a tape recording which had been made during that interview; but, although the state expressed its willingness to produce the tape, the California authorities failed to transmit it to Georgia until after the conclusion of the state's case-in-chief. The tape was admitted into evidence over appellant's objection but was never played to the jury.

It is well settled that harm as well as error must be shown in order to justify the reversal of a judgment of conviction. See generally *Swindle v. State*, 169 Ga. App. 773 (5) (315 SE2d 285) (1984). As the tape recording in the present case was neither played to the jury nor shown to have been in conflict with the written summary in any material respect, we hold that any error in admitting it was harmless. Accord *Hilburn v. State*, 166 Ga. App. 357, 358 (304 SE2d 480) (1983).

4. Appellant further claims that the trial court erred in instructing the jury on the law of conspiracy because conspiracy was not charged in the indictment. " 'It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. [Cits.]' " *Carpenter v. State*, 167 Ga. App. 634 (11) (307 SE2d 19) (1983), aff'd 252 Ga. 79 (310 SE2d 912) (1984). We find that the conspiracy charge was properly adjusted to the evidence and consequently hold that this enumeration of error is without merit.

5. The appellant's fifth, sixth, and eighth enumerations of error are directed to the denial of her motions for directed verdict of acquittal as to both counts of the indictment, as well as the denial of her motion for new trial on the general grounds. The evidence in the present case showed that appellant both held the victim at gunpoint while in the motel room and took possession of his wallet and car keys after they had been removed from his person. Applying the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find that the evidence was sufficient to authorize a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. Accordingly, appellant's motions for directed verdict of acquittal and for new trial were properly denied.

6. Appellant's remaining enumeration of error has been considered and found to be without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, L. Paul Howard Jr., H. Allen Moye, Assistant District Attorneys*, for appellee.