73397. LOCKETTE v. THE STATE.
(353 SE2d 585)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of robbery. *Held*:

1. Defendant contends the trial court erred in instructing the jury on the issue of flight as the evidence did not authorize such an instruction. The evidence shows that after defendant took the money from the cash drawer of a service station, he ran out of the station and drove away.

Where the defendant departs the scene immediately after the incident, it is not error to charge on the issue of flight of the defendant. It is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons. In this connection we reject defendant's suggestion that there must be evidence of concealment from or an attempt to flee from law enforcement officers. *Fowler v. State*, 171 Ga. App. 491, 494 (5) (320 SE2d 219); *Bogan v. State*, 177 Ga. App. 614, 618 (3) (340 SE2d 256).

2. Defendant contends that the trial court's instruction to the jury on the issue of flight was broad, vague and incomprehensible to the jury. However, the trial court's instruction at issue was the pattern jury charge on flight, see Suggested Pattern Jury Instructions, Vol. II, p. 28, 1984, which pattern instruction was held in *Leverett v. State*, 254 Ga. 691 (2) (333 SE2d 609), to "correctly" state the law.

This enumeration of error is without merit.

3. Defendant contends that the trial court improperly permitted the State to place his character in issue. In this connection defendant argues that the trial court erred in admitting the testimony of a police officer that after being advised of his *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) rights and signing a waiver of those rights defendant had denied committing the robbery and had stated that "he would beat this rap like he had beaten charges in the past."

Defendant also argues that the quoted statement fails to assist a jury in deciding whether defendant committed the crime charged as it could have meant anything. Several possible meanings of the phrase are suggested by defendant ranging from entirely exculpatory to references to the commission of other offenses.

" 'Questions of the relevancy of evidence are for the court. (Cit.) When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. (Cits.)' *Harris v. State*, 142 Ga. App. 37, 41 (234 SE2d 798). 'Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' *McNabb v. State*, 70 Ga. App. 798, 799 (29 SE2d 643). Ultimately, the relevance of evidence is 'addressed to the jury's determination.' *Davis v. State*, 230 Ga. 902, 905 (199 SE2d 779)." *Toole v. State*, 146 Ga. App. 305, 307 (7) (246 SE2d 338). In the case sub judice the jury, considering defendant's statement together with other evidence, could view it as an admission of guilt. See also *Baker v. State*, 246 Ga. 317, 319 (3) (271 SE2d 360).

As to defendant's argument that evidence of his statement placed his character in issue by suggesting that he "had been in trouble with the law," we note that competent evidence is admissible even though it may incidentally place a defendant's character in issue. *Vowell v. State*, 174 Ga. App. 426 (1) (330 SE2d 167); *Jones v. State*, 161 Ga. App. 610, 612 (5) (288 SE2d 788). See also *Berryhill v. State*, 235 Ga. 549, 551 (6) (221 SE2d 185). This enumeration of error is without merit.

4. Defendant contends that the trial court erred in admitting evidence as to his involuntary statements made under custodial interrogation. This contention is predicated upon defendant's testimony, during the *Jackson v. Denno* (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing, that the officer questioning him continued despite his request to stop and proceeded to verbally abuse him for his failure to answer, thus precipitating his statement that he would "beat this rap

like he had beaten charges in the past." However, the State's evidence shows that defendant's statement was freely and voluntarily given, after defendant was advised of his constitutional rights under the *Miranda* decision and signed a waiver thereof. The State's evidence shows that questioning terminated upon defendant's stating that he didn't wish to talk to the officer any further.

"[T]he judge determined that the statement was voluntary. Unless clearly erroneous, the trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. *Strickland v. State*, 250 Ga. 624 (2) (300 SE2d 156) (1983). We find ample evidence to support the trial court's finding on this issue." *Spence v. State*, 252 Ga. 338, 341 (2 (c)) (313 SE2d 475). This enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 29, 1987.

*Linda B. Borsky*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.