### 76276. DUKES v. THE STATE.
(369 SE2d 257)

DEEN, Presiding Judge.

Garrett Leon Dukes brings this appeal from his convictions of armed robbery and aggravated assault.

1. Evidence that appellant was evicted from his apartment the day before the robbery, that he made a $400 cash down payment on an automobile two days after the robbery, that he made no further payments, and that his car was ultimately repossessed was properly admitted at trial as it was relevant to the issue of guilt. The fact that he was evicted because he was unable to pay his rent, but could make a down payment on an automobile two days after the robbery of the convenience store, was admissible to show a motive for the robbery. Eviction and repossession of a motor vehicle are not criminal activities, and such evidence does not have such a prejudicial impact as does evidence of other crimes. Its relevancy outweighed any alleged prejudicial impact. *Thomas v. State*, 176 Ga. App. 53 (335 SE2d 135) (1985).

2. The defendant requested the following charge: "Eyewitness identification, while persuasive, is not conclusive." He asserts error in the trial court's refusal to give it. The court agreed with the prosecutor that the requested charge was argumentative and that the legal principle involved was accurately and adequately covered in the pattern charge. We have examined the charge as given by the court and agree. " '[W]here the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error.' [Cit.]" *Crawford v. State*, 236 Ga. 491, 493 (224 SE2d 365) (1976).

3. After the State presented its case and the defendant had been examined on direct examination, the jury was excused and the court advised appellant that because he had been forty-five minutes late to court that morning, and based upon the nature of the charges and the overwhelming evidence against him, and the substantial likelihood that he would flee, the court was revoking his bond until the jury returned with its verdict. The court then carefully warned the deputies not to let the jury know that the defendant was in custody. Defense counsel made a motion for a mistrial, claiming that revocation of his client's bond denied him his right to a fair trial. The court denied the motion, offered the accused time to "get himself together" and again cautioned the deputies. Counsel claims that the court improperly expressed an opinion as to guilt.

We find no violation of OCGA § 17-8-57, as that section is limited to remarks made before the jury. *Jones v. State*, 250 Ga. 498 (299 SE2d 549) (1983). Moreover, the court made every effort to ensure that the jury did not learn that the defendant's bond was revoked.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988.

*William T. Hankins III*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Michael McDaniel*, Assistant District Attorneys, for appellee.