## 76417. BANKS v. LEWIS.
(369 SE2d 537)

BANKE, Presiding Judge.

The plaintiff appeals a judgment entered in favor of the defendant in a personal injury action arising from an automobile accident. In a pre-trial statement, defendant admitted having caused the collision by operating his vehicle at an excessive rate of speed while under the influence of alcohol. The only issue which remained for the jury's consideration was whether the plaintiff had crossed the no-fault "serious injury" threshold by sustaining "reasonably incurred medical expenses exceeding $500.00." See OCGA § 33-34-2 (13).

1. Relying on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), and its progeny, the plaintiff asserts that she was denied her constitutional right to equal protection under the law because the defendant was permitted to use his peremptory challenges to eliminate members of the black race from the jury. However, even assuming arguendo that a racially discriminatory use of peremptory challenges occurred, it does not follow that a constitutional violation resulted within the contemplation of *Batson v. Kentucky*, for the holding in that case clearly is limited in its application to criminal proceedings in which the state engages in such tactics. Consequently, this enumeration of error is without merit.

2. The plaintiff contends that the trial court erred in declining to grant a mistrial after defense counsel asked the following question of a witness on direct examination: "It's not unusual for attorneys to send their clients to medical doctors to run up medical bills for a lawsuit, is it?" In response to plaintiff's counsel's motion for mistrial, the court instructed the jury that an objection to the question had been sustained and that the defendant's counsel was not to interject matters which were not in evidence. Defense counsel then asked the following question, without objection: "Do you find it common in your business that attorneys direct their clients to doctors?"

"Even where the conduct of counsel exceeds the bounds of propriety, the trial judge is vested with a broad discretion in determining whether to grant a mistrial, and his ruling will not be disturbed unless it appears that his discretion was manifestly abused. [Cit.]" *Walker v. Bishop*, 169 Ga. App. 236, 241 (312 SE2d 349) (1983). See also OCGA § 9-10-185. We hold that defense counsel's initial question was not so prejudicial as to require the grant of a mistrial, in light of the curative instructions given by the trial court.

3. The plaintiff contends that reversible error resulted from certain comments made by defense counsel during his opening and closing remarks to the jury. We conclude that counsel's remarks in his opening statement were properly directed at what he expected the evidence to prove, see *Smith v. Berry*, 231 Ga. 39, 40 (200 SE2d 95) (1973), and that the comment objected to during the closing argument — concerning the legitimacy of the plaintiff's medical expenses — was not unwarranted in the context of the evidence.

*Judgment affirmed. Birdsong, C. J., concurs. Beasley, J., concurs in Divisions 2 and 3, and concurs in judgment only as to Division 1.*

DECIDED MAY 20, 1988.

*Sonja L. Salo*, for appellant.

*Gary M. Cooper*, for appellee.