### 75911. BENNETT v. THE STATE.
(369 SE2d 552)

BIRDSONG, Chief Judge.

The appellant, William D. Bennett, appeals his jury conviction of driving under the influence. He appeals from his conviction only upon the basis that the trial court erred in allowing the State to call this case for trial and requiring appellant to go to trial when he had not been given the requisite seven days notice required by Rule 32.1 of the Uniform Court Rules. *Held*:

The appellant and the State have agreed upon a statement of facts of this case which shows that Bennett was arrested on November 25, 1986, by the City of Gainesville police for driving under the influence of alcohol. He was given an appearance date of January 19, 1987. The Solicitor of the Hall County State Court filed an accusation on January 30, 1987, which indicated an arraignment date of February 6, 1987. On February 26, 1987, Bennett waived formal arraignment and entered a plea of not guilty. That same day, appellant's counsel filed a demand for jury trial. The Solicitor immediately called the case for trial. Appellant's counsel stated: "I was not aware it was going to be called. . . . You're taking cases on which I filed demands today and calling them? Solicitor: That's right." Counsel for appellant did not object, nor make a request for a continuance, but merely asked for "a few moments to go call" the appellant. Later counsel did make a motion when the State's witness was not present and requested the case be dismissed "for lack of prosecution." The court withheld the ruling until the jury was struck and the State was ready to proceed. No further objections or motions were presented by appellant concerning proceeding to trial on the date the demand for trial had been filed.

On appeal, counsel argues that "[f]airness dictates that this should not be the law. Merely filing a Demand should not work a waiver of any rights of a Defendant." We need not reach this issue as no such objection was raised at trial. Failure to make a timely and specific objection at trial may be treated as waiver on appeal. *Seabrooks v. State*, 251 Ga. 564, 567 (308 SE2d 160). In procedural matters especially, such as the one in the instant case, "one must assert his rights properly or face the possibility of their being forever lost." *Bostick v. Ricketts*, 236 Ga. 304 (1) (223 SE2d 686). Such issues not raised in the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court. *Mayo v. State*, 132 Ga. App. 217, 218 (207 SE2d 697).

If counsel was not prepared for trial, but desired a continuance, or insisted upon the State's compliance with the Uniform Rules, such objection should have been made along with the action counsel desired the court to take, and a ruling obtained. Counsel may not voluntarily proceed with the trial without making his objections known, and then after receiving an adverse verdict, complain on appeal that the trial court should not have permitted him to acquiesce in the procedure used by the State in response to his "Demand for Jury Trial."

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 24, 1988.

*Douglas E. Smith*, for appellant.
*Lydia Jackson, Solicitor*, for appellee.