75891. BROWN v. THE STATE.
(370 SE2d 203)

McMURRAY, Presiding Judge.

Defendant Brown appeals his convictions for the offenses of burglary, driving while license suspended, reckless driving, leaving the scene of an accident, and theft by taking (motor vehicle). *Held:*

1. Defendant enumerates as error the trial court's failure to declare a mistrial after the State had elicited testimony which put the defendant's character into evidence. After hearing defendant's motion for mistrial, the trial court overruled defendant's motion and instructed the jury to "totally disregard" the question and answer which had prompted defendant's motion for mistrial. No further ruling was invoked by defendant. "[T]he failure to renew the motion for mistrial after the curative instructions waives the denial of the motion as an error on appeal." *McLendon v. State*, 181 Ga. App. 851, 852 (354 SE2d 193).

2. Defendant also enumerates as error the trial court's holding that a valid marriage did not exist between defendant and Marilyn Dempsey, a State's witness. Prior to trial a hearing was held to determine whether a marriage existed and thus whether the spousal privilege of OCGA § 24-9-23 was applicable in the case sub judice.

There was conflicting evidence presented as to the existence of a common law marriage. Witness Dempsey testified as to defendant liv-

ing with her from November 20, 1986, until the time of his arrest, that on December 19, 1986, with their children present she and defendant had "pledged to live our life together as husband and wife," and that she had felt she was the defendant's wife since December 1986. The witness testified that she considered her name to be "Marilyn Brown." However, there was also evidence that subsequent to the December pledge witness Dempsey had applied for a driver's license and a social security card using the surname "Dempsey" rather than defendant's surname of "Brown," that on the application for the social security card she indicated she was single, that she continued to use the surname of "Dempsey" at her place of employment, that she had not told the officers investigating the charges against defendant that she was married and had given her name to them as "Marilyn Dempsey." Witness Dempsey also testified as to plans for a ceremonial marriage in March of 1987, but never attempted to acquire a marriage license or take a blood test. Another witness at the hearing was a daughter of witness Dempsey, who, according to witness Dempsey's testimony, had been present at the December pledge. The daughter testified as to a conversation at that time contemplating a marriage at a future date and that they did not get married on that date.

In view of the conflicting evidence as to the existence of a common law marriage, the trial court was authorized to find that no common law marriage exists. *Overcash v. State*, 239 Ga. 499, 500 (3) (238 SE2d 50). This enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 1, 1988.

*Roland L. Enloe, Jr.*, for appellant.

*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.