A89A1855, A89A1856. SABREE v. THE STATE (two cases).
(392 SE2d 886)

DEEN, Presiding Judge.

Tamar Abdul Sabree and his former wife, Tauheedah Sabree, separately appeal their convictions, in a joint trial, for the offenses of armed robbery and possession of cocaine, marijuana, and codeine. The three drug-related counts arose out of the execution of a search warrant at the couple's residence, two weeks after the robbery.

On October 30, 1987, the manager of a steak house in Riverdale was robbed in his vehicle in the restaurant parking lot of several thousand dollars. A masked man wearing coveralls with an insignia on the breast, knocked on the manager's car window and demanded the money, which the manager relinquished when the man produced a gun. The manager saw the robber's hand and determined he was a black male. The robber entered a silver 1986 or 1987 Nissan Sentra being driven by a black female. Because the vehicle license plate was partially covered, the manager only noticed an "N" or an "H" thereon. He was unable to identify appellants in court but did positively identify coveralls seized in a search of appellants' residence.

At approximately 8:45 a.m. that morning, another employee no-

ticed a black male and black female standing outside the bathroom door. She had gotten close to the couple, and saw them for approximately three minutes before they left. She identified both appellants in photographic lineups and in court.

Another employee, Mrs. Mitchell, at 10:45 a.m. saw a car in the employees' back parking lot. After the two occupants told her they were waiting for the restaurant to open, she had her daughter write the vehicle's tag number, NSW 397. She tentatively identified Tauheedah Sabree in a photo lineup and identified both at trial. Her daughter picked Tauheedah and Tamar from a photo lineup and identified both in court.

The tag number, NSW 397, was registered to Budget Rent-a-Car of Atlanta. The vehicle was located in Budget's airport parking lot on October 31. The car had been cleaned and gassed. The latest rental application showed the car had been rented at 6:36 a.m. on October 30, 1987, by Tauheedah Sabree. That same day, after 1:00 p.m., it was just left at Budget rather than turned in by anyone. Appellant Tauheedah Sabree used her American Express card to rent the car, but listed a false address and place of employment on her application. The rental agent chose two photos from a lineup but favored the photo of Tauheedah Sabree as the woman who had rented the car.

Delta Airline records showed appellants flew from Atlanta to Raleigh-Durham, North Carolina on October 30, 1987, on a 1:48 p.m. flight. The tickets had been purchased with Tauheedah Sabree's American Express card.

Evidence and testimony concerning appellants' financial troubles around the time of the robbery were admitted at trial to show motive.

A search pursuant to a warrant was conducted at appellants' residence on November 17, 1987. Marijuana was located in one of their cars; the coveralls identified as those worn by the robber were found in the master bedroom; tablets containing Schedule III codeine were found in the master bathroom medicine cabinet; an open briefcase on a stand was found in the same bathroom and contained cocaine, a pipe, a roach clip, a razor blade, a mirror, other drug paraphernalia, and many caliber bullets. A shaving kit containing marijuana was also found, as were scales and a syringe. In a chair near the front door was a coat containing a gun wrapped in a mask. The American Express credit card used to rent the car was found in Tauheedah Sabree's purse. During the search, a detective overheard Tamar Abdul Sabree asking Tauheedah if she had used the credit card to rent the car.

Both Mr. Sabree and Mrs. Sabree were represented by the same appointed trial counsel. On appeal, Mrs. Sabree retains separate counsel. Tamar Abdul Sabree enumerates five errors below; Tauheedah Sabree alleges nine. *Held:*

1. Both appellants contend the trial court erred in denying their

motions to sever the prosecution for the October 30, 1987, armed robbery offense from prosecution of the drug possession charges. Each contends the drug-related offenses were separate and distinct from the armed robbery charge, and the prosecution of the drug-related counts irreparably prejudiced their defense of the armed robbery charge, and vice versa, so that a fair determination of their guilt or innocence of each offense (*Isbell v. State*, 179 Ga. App. 363 (346 SE2d 857)), could not be made.

In *Isbell*, supra at 366, we held: " 'Offenses may be "joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' (Cit.) If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense.' (Cit.)" ' "

The finders of fact, based upon their own experience in the common world, could reasonably infer a connection between the possession of illegal drugs, including cocaine, and the armed robbery which occurred two weeks earlier. The high cost of illegal drugs and the resort of many to crime to finance their use is a circumstance generally known to public consciousness; thus, there was some connecting element between the two types of offenses so as to disentitle appellants to an automatic right of severance. Id. Moreover, a severance could have placed the prosecutions of all offenses, particularly the drug-related offenses, at risk based on the commonality of evidence that would have to be introduced (see *Catchings v. State*, 256 Ga. 241 (347 SE2d 572)), while on the other hand, the overwhelming evidence implicating both defendants in the armed robbery renders most probably harmless any prejudicial addition of evidence of the discovery of drugs. The trial court did not abuse its discretion in denying the motions to sever.

2. Both appellants contend it was error to admit evidence of their joint and separate bad financial condition for a year prior to the robbery, including evidence of bad checks and overdrawn accounts up to two months before the robbery. This evidence was clearly admissible to show possible motive, intent, or bent of mind, according to the rule of *Causey v. State*, 154 Ga. App. 76 (267 SE2d 475), as to both the armed robbery and the drug offenses. See, e.g., *Dukes v. State*, 186 Ga. App. 773 (369 SE2d 257); *Pelligrini v. State*, 174 Ga. App. 84 (329 SE2d 186). Every act or circumstance serving to elucidate or throw light upon a material issue is relevant. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 338 (319 SE2d 470). If there were any doubt as to the admissibility of this evidence, it was better admitted, for in general, evidence tending to have any relevance should be admitted, and

its weight and credibility left for the jury. Id. The trial court did not abuse its discretion in admitting this evidence. See *Lewis v. State*, 158 Ga. App. 586, 587 (1) (281 SE2d 331).

3. Further, as to Tamar Abdul Sabree's second challenge to inadmissible evidence, we find that in fact no prejudicial evidence of his religious affiliations was admitted to the jury.

4. In her appeal, Tauheedah Sabree further contends as to the alleged inadmissible evidence, that the trial court erred in failing to instruct the jury as to what consideration to give to the evidence of "other offenses." Presumably appellant is referring to the crime of uttering a bad check, but the State did not give evidence of any bad checks as constituting a "crime." Appellant made no request for limiting instructions; therefore, any such objection is waived on appeal. See *Bennett v. State*, 187 Ga. App. 234, 235 (369 SE2d 552).

5. The evidence in this case is clearly sufficient to raise the issue of "flight." See, in general, *Lockette v. State*, 181 Ga. App. 649 (353 SE2d 585). Certainly evidence of immediate departure from the state or city sets the question before the jury to determine if the sudden departure was due to " 'consciousness of guilt or other reasons.' " *Fowler v. State*, 171 Ga. App. 491, 494 (320 SE2d 219).

6. Tamar Abdul Sabree contends he was entitled to a mistrial for prosecutorial misconduct, in that during appellants' closing argument, the prosecutor interrupted appellants' counsel's argument six times.

We find no merit in this enumeration. Appellant Tamar Abdul Sabree cites no authority demanding imposition of the extreme remedy of mistrial for "prosecutorial misconduct." In any event, this appellant did not move for mistrial until after the jury had retired, thus giving the trial court no chance to correct any prejudice on the spot. See, as to obligations to make motion for mistrial at the time alleged harmful error is committed, *Brown v. State*, 187 Ga. App. 347 (370 SE2d 203); *Floyd v. State*, 187 Ga. App. 27, 28 (369 SE2d 316). If no opportunity is given the court to cure such error, it is waived. See *Garner v. State*, 180 Ga. App. 146 (348 SE2d 690).

Even assuming a motion for mistrial had properly been made, where the conduct of counsel exceeds the bounds of propriety, the trial judge's broad discretion in the matter will not be curtailed unless that discretion is manifestly abused. *Banks v. Lewis*, 187 Ga. App. 218, 219 (2) (369 SE2d 537). We do not have a transcript of the entire closing arguments, objections and interruptions, and therefore can make no review sufficient to determine that harmful error occurred.

7. The evidence in this case clearly authorized the jury charge on "conspiracy." *Cunningham v. State*, 248 Ga. 835 (286 SE2d 427). Even though a conspiracy is not charged in the indictment, the jury charge is not incorrect where the evidence supports it. *Spencer v. State*, 180 Ga. App. 498 (349 SE2d 513).

8. Tauheedah Sabree contends the trial court erred in appointing only one lawyer for both defendants at the trial of this case, there being an actual conflict of interest depriving the defendant of effective assistance of counsel.

Specifically, Tauheedah Sabree points at the evidence of drug possession as creating an actual conflict of interest in her representation. She argues, e.g., that all of the marijuana in this case was seized by police from the co-defendant Tamar Abdul Sabree's shaving kit and from his automobile.

The State replies by saying all the drug evidence was in such plain view that it could not have been concealed from Tauheedah, and that there was no evidence appellants' vehicle belonged solely to Tamar Abdul. We agree. The house and vehicles occupied and used by Tauheedah Sabree and her husband were so full of drugs that no reasonable doubt could be raised that she was in joint actual or constructive possession of the illegal drugs as charged. If any evidence existed by which a separate counsel could "shift blame" and exonerate Tauheedah, it was her duty at least to raise such evidence on motion for new trial to prove actual harm; otherwise, we can find no conflict of interest justifying a reversal of this guilty verdict. *Acierno v. State*, 176 Ga. App. 600 (337 SE2d 39); see *Rautenberg v. State*, 178 Ga. App. 165, 169 (342 SE2d 355); and see *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741), as to defendant's duty to show harm in any error. Furthermore, neither of the Sabrees nor the appointed counsel ever objected to the joint representation at trial.

9. The appellants contend that a portion of the trial court's jury charge erroneously allowed the jury to find both defendants guilty of possession of codeine if either one possessed it. The actual jury charge in question was: "If you believe beyond a reasonable doubt that the defendants on trial did, in Clayton County, have under their control any quantity of codeine as charged in this indictment and that they did so without authority as provided by law, you would be authorized to find them guilty as charged."

Considering this charge in a vacuum, the appellants possibly would have a point to argue. However, a jury charge must be considered as a whole and not out of context. *Johnson v. State*, 187 Ga. App. 803 (3) (371 SE2d 419). With regard to the other charges of armed robbery, possession of cocaine, and possession of marijuana, the trial court clearly instructed the jury that it could determine the defendants' guilt separately. The omission in the charge on codeine possession, which immediately followed the other jury charges, obviously was inadvertent. The trial court also subsequently made it clear in its charge on the verdict form that each defendant could be found guilty or not guilty separately on the various counts. Under these circumstances, the charge on codeine possession could not have confused

the jury in the manner claimed by the appellants.

As noted by Judge Richard Brevard Russell,[1] "[t]aken as a whole, the charge was fair and full, and was notably free from error. By quoting excerpts from various portions of the charge, learned counsel have been able to find inaccuracies in the abstract, which, when considered in the light of the charge as a whole, manifestly appear not to have harmed the defendant. In fact, so skillfully has the charge been riddled, in an effort to find some portion of it which contains error, that we are reminded of the ingenuity of England's attorney-general in drafting the information against Stockdale, the Piccadilly bookseller, who published the book of Rev. Mr. Logan containing a defense of Warren Hastings, which the government claimed contained libelous observations on the House of Commons. The attorney-general included in the information excerpts from the book, selected at random, which, when read successively and apart from the book as a whole, were colorably libelous. In arguing the case for Stockdale, the brilliant Lord Erskine called attention to the fact that the book as a whole would have to be read before any part of it could be called libelous. To illustrate his point, he said that by the method adopted the attorney-general could prove by the Bible itself that there is no God; whereupon he picked up the Bible and turned to the first verse of the fourteenth psalm and read the following: 'There is no God.' He then read the verse as a whole, as follows: 'The fool hath said in his heart, There is no God.' So, oftentimes in determining whether an excerpt from a judge's charge is harmfully erroneous, it must be considered in the light of the charge as a whole. . . ." *Ford v. State*, 9 Ga. App. 851, 852-53 (72 SE 442).

Considering the jury charge as a whole, no harmful error resulted. Accordingly, the appellants' convictions for possession of codeine are also affirmed.

10. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence authorized a rational trier of fact to find both appellants guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgments affirmed. Sognier, Pope and Beasley, JJ., concur. Carley, C. J., and McMurray, P. J., concur in the judgment only. Banke, P. J., Birdsong and Cooper, JJ., dissent.*

BIRDSONG, Judge, dissenting.

The trial court erred in charging the jury: "If you believe beyond a reasonable doubt that the defendants on trial did . . . have under

---

[1] Judge Russell has been the only person to serve as both Chief Judge of the Court of Appeals and Chief Justice of the Supreme Court. Deen & Henwood, Georgia's Appellate Judiciary (The Harrison Company 1987), p. 91.

their control any quantity of codeine . . . you would be authorized to find them guilty." This incorrect statement of law allows the jury to ignore the presumption of individual innocence and the requirements of separate proof and find both defendants guilty even if only one was in possession of codeine.

Contrary to the majority's statement on the matter, this charge on possession of codeine must be considered "in a vacuum," for it is the only charge on possession of codeine, and its misleading effect is not corrected by proper instructions on possession of other drugs. Even if the jury could possibly have ignored the mistake and taken the correct law from the charges on possession of other illicit drugs, this charge is still error, for the jury could not be expected to divine which was the true charge; even where the trial court charges the jury correctly on a certain point and elsewhere in the instructions charges incorrectly on the same point, this constitutes error since the jury cannot be expected to select and be guided by the correct portion and to disregard the incorrect. *Salisbury v. State*, 221 Ga. 718 (146 SE2d 776); see *Burnett v. State*, 152 Ga. App. 738 (264 SE2d 33).

This erroneous charge does not bear the majority's colorful comparison to the perversion of a Biblical truth by the omission of the words: "The fool hath said in his heart. . . ." See *Ford v. State*, 9 Ga. App. 851, 852-853 (72 SE 442). Indeed, if that Biblical statement ("[t]he fool hath said in his heart, [t]here is no God") were a point of law, we would have no trouble finding fatal error in a charge stating simply: "There is no God," for this would not be a mere omission corrected elsewhere in a charge, but would be an incorrect and misleading statement standing alone, as is the charge here on possession of codeine. If we consider the charge "as a whole," this misstatement is not corrected anywhere. *Burnett*, supra.

The fact that the jury returned separate verdicts of guilty on the count does not prove they understood the truth of the law from the charge on possession of other drugs, for the very error of this charge is that it enables the jury to find a separate verdict of guilty for each defendant as to possession of codeine, simply by finding that "they" possessed it, whatever that means, and however confused the jury might have been about the elements of possession. The fact that all other charges allowed the jury to decide each defendant's guilt separately and then on the last charge stated: "You would be authorized to find *them* guilty" compounds the error.

I would reverse the verdicts of guilty on the count of codeine possession, for the evidence as to possession is complex and the incorrect charge allows conviction of "them," even if one of them technically did not possess codeine under a correct charge of law. That this mistake was an "inadvertence" in an otherwise fine set of instructions does not make it less erroneous.

I respectfully dissent. I am authorized to state that Presiding Judge Banke and Judge Cooper join in this dissent.

DECIDED MARCH 8, 1990 —
REHEARING DENIED MARCH 28, 1990 —

*Linda S. Cowen*, for appellant (case no. A89A1855).
*James T. Barfield III*, for appellant (case no. A89A1856).
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.