## 59241. KERR v. THE STATE.

SMITH, Judge.

Appellant was tried and convicted of aggravated sodomy. The trial court denied his motion for a new trial, and appellant filed this appeal enumerating as error the general grounds, the court's charge on intent, and the admission of certain hearsay testimony. We affirm.

1. The first enumeration of error challenges the sufficiency of the evidence to support the verdict. Having reviewed the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979).

2. The court charged ". . . that the acts of a person of sound mind and discretion are presumed to be the product of the person's will, and a person is presumed to intend the natural and probable consequences of his acts; but both of these presumptions may be rebutted." Citing Sandstrom v. Montana, 442 U.S. 510 (99 SC 2450, 61 LE2d 39) (1979), appellant contends that this charge violated the Due Process Clause of the Fourteenth Amendment by shifting to him the burden of proving that he did not possess the requisite intent. This contention is without merit.

The instant charge is "not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted . . .' [Id. at 517]" *Skrine v. State,* 244 Ga. 520 (260 SE2d 909) (1979).

Moreover, the court also charged ". . . that the burden of proof never shifts to the defendant to prove his innocence," and ". . . that a person . . . will not be presumed to act with a criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, motive, demeanor, and all other circumstances connected with the act for which the accused is prosecuted." Taken in its entirety, we find that the jury could not "have interpreted the challenged presumption as conclusive . . . or as shifting the burden of persuasion . . . [contrary to] the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt . . ." Sandstrom at 510; *Skrine,* supra; see also *Cooper v. State,* 212 Ga. 367 (2) (92 SE2d 864) (1956).

3. The victim's daughter was allowed to testify as to the circumstances of the alleged assault as related to her by the victim. Appellant objected that such testimony was hearsay. The crime

occurred between 9:00 p.m. and 12:00 midnight. The daughter testified that the victim had kept an appointment at a dialysis clinic the following morning and that the subject conversation ensued immediately upon the victim's return sometime after noon. The trial court concluded that this conversation between the victim and her daughter was part of the res gestae even though occurring some twelve hours after the alleged crime. Code § 38-305. When "[t]ested by well-established rules concerning the res gestae exception, this evidence was not free from suspicion of afterthought but was rather in the nature of narrations of past transaction." *Peebles v. State*, 236 Ga. 93, 95 (222 SE2d 376) (1976). Therefore, the admission of this hearsay testimony was error.

However, as this testimony was essentially the same as that given by the victim herself, the error was harmless. "Where such evidence is cumulative and not essential to the state's case it could not have materially affected the verdict [cit.], and thus it is 'highly probable' that the error did not contribute to the judgment. [Cit.]." *Williams v. State*, 144 Ga. App. 130, 133 (240 SE2d 890) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Submitted January 16, 1980 — Decided April 29, 1980.

*Michael E. Hancock*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys*, for appellee.