## 61026. WILLIAMSON v. THE STATE.

## 61747. WILLIAMS v. THE STATE.

Pope, Judge.
Rose Marie Williams was convicted of cruelty to a child. She brings this appeal enumerating as error the trial court's rulings relating to her request for discovery pursuant to Code Ann. § 27-1302.
The record discloses that the crime for which appellant was indicted occurred on October 6, 1980; that appellant was called for arraignment on November 7; and that prior to arraignment she had been free on bond. At her arraignment hearing appellant pled not guilty and counsel was appointed for her defense. On November 12

appellant filed inter alia a request for discovery of any and all statements she had made while in police custody which the state intended to utilize at trial. This motion was marked as granted by the trial court on November 17, 1980, the date of the trial.

The transcript shows that counsel for appellant called the trial court's attention to the statutory requirement that appellant receive a copy of any and all of her in-custody statements the state intended to use in its case at least 10 days prior to trial of the case; counsel stated that he had received the requested statement only three days prior to trial. Apparently treating this as a motion for continuance, the trial court denied the motion. The thrust of appellant's argument on appeal is that since she was without counsel at her arraignment (this being a critical stage in a criminal proceeding), the trial court erred in denying her the statutory 10 days with which to review the material supplied by the state pursuant to her discovery request.

Although the criminal discovery statute entitles a defendant to a copy of his or her in-custody statement at least 10 days prior to trial, the statute also provides that a defendant "may make this request in writing within any reasonable period of time prior to trial." Code Ann. § 27-1302 (a). Failure of the state to comply with such a request *timely filed* shall result in the statement's exclusion and suppression from use at trial. Code Ann. § 27-1302 (c). The statement in this case was delivered to appellant's counsel on November 14, three days prior to trial. The assistant district attorney stated that upon his receipt on November 12 of appellant's request for discovery he immediately called the detective who had the file in the case and requested that he make appellant a copy from the file. He further stated, "We could not find [appellant's counsel]; we had to try to get the police department to chase him down so he could pick up the file that we had produced." The trial court noted that although appellant had been free on bond prior to her arraignment, she did not notify the court that she needed a court-appointed attorney to represent her until the day of her arraignment on November 7.

In our view, a person charged with a crime is well-advised to procure legal counsel at the earliest possible date; however, there is nothing in the record of this case which indicates that appellant, an indigent, was informed of her right to court-appointed counsel prior to the day of her arraignment. Counsel for appellant was appointed to this case on November 7 and filed the motion for discovery on November 12. Under the circumstances in this case we conclude that appellant's request for discovery under Code Ann. § 27-1302 was timely filed. Even assuming appellant's counsel had been served a copy of her in-custody statement immediately following the request therefor, ten days would not have passed before the case was called

for trial. Therefore, if the state intended to use appellant's in-custody statement at trial, the burden was on the state, not on appellant, to request a continuance pending compliance with the statute. *Garner v. State,* 159 Ga. App. 244 (1981).

In light of the foregoing discussion, the trial court erred in overruling appellant's motion to exclude and suppress her in-custody statement from the state's use at trial. However, the transcript shows that appellant testified in her own behalf, relating information nearly identical to that contained in her in-custody statement. Since testimony relating to appellant's statement was merely cumulative of the testimony she offered in her own behalf, any error in permitting the state to use her statement at trial was harmless. See *Hall v. State,* 243 Ga. 207 (1) (253 SE2d 160) (1979); *Kerr v. State,* 154 Ga. App. 470 (3) (268 SE2d 762) (1980).

*Judgment affirmed. Quillian, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED SEPTEMBER 11, 1981.

*Lee R. Hasty,* for appellant.
*Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.