64538. SEABROOKS v. THE STATE.

POPE, Judge.

Charlie Seabrooks brings this appeal from his conviction of violation of the Georgia Controlled Substances Act. *Held:*

1. Defendant first challenges the sufficiency of the evidence to support the verdict. He contends that he was entrapped and that the state did not contest or rebut this contention. Hence, he argues, his conviction must be reversed, citing *Hall v. State,* 136 Ga. App. 622 (222 SE2d 140) (1975), and *Harpe v. State,* 134 Ga. App. 493 (2) (214 SE2d 738) (1975). Both *Hall* and *Harpe* stand for the proposition "that where the evidence of the defendant raises the defense of entrapment and is uncontested or not rebutted by the state, a conviction cannot be upheld as the state has the duty to come forward with contrary proof." *Hall,* supra at 623.

"Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code Ann. § 26-905 (now OCGA § 16-3-25). "The defendant must present a prima facie case that the agent induced him to commit the offense charged in the indictment. Once this is done the burden is then upon the government to prove beyond

a reasonable doubt that the accused was predisposed to commit the offense — i.e., that he was ready and willing without persuasion and awaiting a propitious opportunity to commit the crime. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975)." *Griffin v. State,* 154 Ga. App. 261, 264 (267 SE2d 867) (1980). Defendant admitted selling cocaine to Harold Smith, an undercover agent for the Gordon Police Department. He based his entrapment defense upon the contention that Smith used his long friendship with him to persuade him to sell the cocaine. Smith testified that he used no undue persuasion to get defendant to sell the cocaine. He further testified that although he had known of defendant for many years, he (Smith) did not know defendant personally and had never dealt with defendant prior to this transaction.

Smith's testimony rebutted defendant's allegation of entrapment, and, thus, this case is factually distinguishable from *Hall* and *Harpe.* It was within the province of the jury to believe the testimony of Smith and to disbelieve the testimony of defendant. *McHugh v. State,* 134 Ga. App. 758 (1) (216 SE2d 351) (1975). Entrapment under Code Ann. § 26-905 "means something more than the mere request to purchase." *Smith v. State,* 141 Ga. App. 529, 530 (233 SE2d 841), revd. on other grounds, 239 Ga. 477 (238 SE2d 116) (1977). Viewed in a light most favorable to upholding the verdict, the state's evidence was amply sufficient to meet its burden of showing that defendant was not entrapped. We hold, therefore, that any rational trier of fact could have found defendant guilty of the crime charged beyond a reasonable doubt.

2. Defendant next enumerates as error the introduction of testimony relating to a search warrant that had been executed approximately one year earlier for his residence and his adjoining business. The offending testimony was given by a police officer who testified that the search warrant resulted in the confiscation of 20 marijuana plants as well as approximately one pound of marijuana and numerous "pills, capsules" in a tool box. Defendant objected to the admissibility of this testimony as impermissibly placing his character in issue.

In response to a question on direct examination to relate his version of the transaction with Harold Smith, defendant testified, "He [Smith] started talking about old times stuff, and then he brought up the subject of cocaine, and I told him I don't mess with it. . . ." In response to a later question on direct asking whether he kept "this stuff stashed in the closet or anything," defendant stated, "No, 'cause I don't fool with it." On cross-examination, without objecting to the question, defendant denied selling Quaaludes (methaqualone) or cocaine to one Buddy Tremon. In light of this testimony by

defendant, the state contended that the testimony relating to the search warrant was admissible as rebuttal.

In the case at bar we are not presented with a situation such as that in *Murray v. State,* 157 Ga. App. 596 (1) (278 SE2d 2) (1981), wherein the defendant testified that he did not use drugs and that he did not sell "dope" of any kind. In *Murray* evidence of the defendant's prior conviction of selling marijuana was properly admitted to rebut the foregoing testimony as to his good character. In the case at bar we do not have the defendant's blanket denial of activity involving illegal drugs; his testimony was limited to a denial of selling cocaine in this case (i.e., he was unduly persuaded to obtain and sell the cocaine) and a specific denial of selling cocaine and/or methaqualone to Tremon. "In other words, the [defendant's] response[s], when viewed in the totality of his testimony rather than isolated from the whole, [amounted to] a *specific* denial of the crime charged rather than a *general* declaration of his own good character." *Smith v. State,* 141 Ga. App. 64, 65 (232 SE2d 401) (1977). Thus, the offending testimony which showed defendant to be in possession of a large quantity of marijuana was not admissible in this case as rebuttal to evidence of defendant's good character.

Moreover, this testimony was not admissible as impeachment evidence, disproving facts testified to by defendant. "This court has held that 'while a criminal defendant is not subject to impeachment by proof of general bad character or prior convictions until he puts his general good character in evidence, he is subject to impeachment the same as any other witness.' *Favors v. State,* 145 Ga. App. 864, 865 (244 SE2d 902) (1978). Code Ann. § 38-1802 [now OCGA § 24-9-82] provides that a witness may be impeached by disproving the facts testified to by him." *Mitchell v. State,* 158 Ga. App. 628, 630 (281 SE2d 260) (1981). The fact that defendant at some time in the past possessed a substantial amount of marijuana does not contradict his assertion that he did not deal in cocaine. Also, the possession of marijuana was not sufficiently similar or connected to the facts of the crime charged so as to be admissible to prove motive, plan, scheme, etc. See *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980). Compare *Jimerson v. State,* 163 Ga. App. 54 (2) (293 SE2d 513) (1982). Therefore, the admission of this testimony was error.

Even though we have determined that the admission into evidence of the testimony relating to defendant's possession of marijuana was error, it is highly probable that this error did not contribute to the verdict. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). Smith testified without objection that he sought to purchase cocaine from defendant due to information that defendant was trafficking in illegal drugs. Smith testified that he received this

information from Tremon, who also related to him that he (Tremon) had purchased Quaaludes from defendant. Thus, the testimony that defendant at one time was in possession of a large quantity of marijuana was substantially to the same effect, and thus cumulative, of other evidence before the jury which showed that defendant trafficked in illegal drugs. See *Williams v. State,* 159 Ga. App. 508 (284 SE2d 27) (1981); *Kerr v. State,* 154 Ga. App. 470 (3) (268 SE2d 762) (1980). Therefore, the error was harmless.

3. Defendant's final enumeration cites as error the trial court's sustaining an objection by the state to a portion of his counsel's closing argument to the jury. Defense counsel sought to argue that state's witness Smith was involved in illegal drug trafficking. The state objected on the ground that there was no evidence that Smith was involved with illegal drugs other than as an undercover agent. Indeed, our review of the record discloses no such evidence, nor do defendant's citations to the record. Since there was no evidence that Smith was involved in illegal drug trafficking, counsel's argument to that effect was properly excluded from the jury's consideration. *Reed v. State,* 134 Ga. App. 47 (4) (213 SE2d 147) (1975); Code Ann. § 81-1009 (now OCGA § 17-8-75). See *Lancette v. State,* 151 Ga. App. 740 (2) (261 SE2d 405) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1982 —
REHEARING DENIED DECEMBER 14, 1982 —

*Larry S. Herrington,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.