39538. SEABROOKS v. THE STATE.

BELL, Justice.

Appellant was convicted of selling cocaine, and his conviction was affirmed by the Court of Appeals in *Seabrooks v. State,* 164 Ga. App. 747 (2) (297 SE2d 745) (1982). We granted a writ of certiorari to review the second division of that opinion, in particular the court's interpretation and application therein of the legal standards for ascertaining whether evidence of independent crimes is admissible and whether erroneously admitted evidence is harmlessly cumulative. We affirm, but for different reasons.

Seabrooks was charged with selling about a gram of cocaine in July 1981 to an undercover agent named Harold "Fat Albert" Smith. Seabrooks admitted at trial that he sold the cocaine to Fat Albert, but he also testified that he did not usually mess or fool with cocaine, and that Fat Albert had entrapped him. During cross-examination Seabrooks was asked whether he had ever sold Quaaludes or offered to sell cocaine to a man named Buddy Tremon, and Seabrooks denied having done so.

After Seabrooks stepped down, the state called Detective James Josey to the stand and asked him whether he had executed a search warrant at appellant's residence. Defense counsel interrupted and objected on the ground that the state was "getting into some kind of

character evidence here. I don't believe that character is part of the issue here."

The state responded that it anticipated Josey's testimony would show that Seabrooks had a predilection for trafficking in drugs. The state further announced that it intended to introduce "evidence that he has transacted in drug dealings before and he's already denied it on the stand so I think he's opened the door." This evidence, the prosecution said, would show that Fat Albert knew of appellant's predisposition when he made the buy.

Defense counsel objected again, on the ground that the state could not introduce such evidence unless it proved that Seabrooks had been convicted of the independent crimes.[1] The court responded by stating, "Well, of course he hasn't asked him anything yet. I'm going to overrule the objection at this time. You may make any other objections you see fit to make. I overrule the objection. Go ahead sir."

The state proceeded to question Josey, and elicited testimony that in October 1980 Josey had executed a search warrant at appellant's residence in an effort to find stolen property. Josey stated that several items were confiscated, but he was not allowed by the prosecution to describe them, and the jury was never apprised of their nature. He further testified that during the search law enforcement officials discovered 20 three-foot tall marijuana plants growing in appellant's backyard, as well as a pound of marijuana and numerous pills and capsules in a pickup truck.[2] Josey finished his testimony by stating that he did not know whether charges[3] against Seabrooks were still pending at the time of trial. Defense counsel did not object to any of this subsequent testimony.

The state then called Fat Albert, who testified that he had thought he could buy cocaine from Seabrooks because Buddy Tremon told him that Seabrooks had sold Tremon some Quaaludes. Defense counsel did not object to Fat Albert's testimony.

In his appeal Seabrooks contended that both Josey's testimony about the discovery of marijuana *and* his testimony that the search was conducted in an effort to locate stolen property had impermissibly placed his character in issue. Although the Court of Appeals apparently overlooked his contention concerning the stolen

---

[1] Seabrooks does not rely upon this ground on appeal.

[2] The state did not attempt to show that these pills and capsules were illicit substances, and Seabrooks does not argue on appeal that Josey's reference to them was error.

[3] It is unclear whether the charges Josey referred to were criminal charges for possession of stolen property, or for possession of marijuana.

property, the court did consider Josey's discussion of the discovery of marijuana, and agreed that this testimony had been erroneously admitted.

The general rule is that, in the trial of a crime, evidence of other criminal acts by the defendant is inadmissible as it tends to place the defendant's character into evidence. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980). In implicit recognition of this rule, the Court of Appeals examined the circumstances of this case to see whether Josey's testimony fit within the rule's recognized exceptions, and concluded it did not. The court first discounted the possibility that Seabrooks had placed his character in issue through his testimony, and found that Josey's testimony therefore was not admissible as rebuttal evidence. The court next found that Josey's testimony was not admissible as impeachment evidence to disprove facts testified to by Seabrooks. Finally, the court found, without discussion, that appellant's possession of marijuana was not "sufficiently similar or connected to the facts of the crime charged so as to be admissible to prove motive, plan, scheme, etc." *Seabrooks,* supra at 749.

However, although it held that the trial court erred in admitting the evidence, the Court of Appeals also held that the error was harmless because it was highly probable that the error did not contribute to the verdict, *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), since Josey's testimony establishing that Seabrooks had possessed a large quantity of marijuana was substantially to the same effect as, and thus cumulative of, Fat Albert's testimony.

Seabrooks applied for certiorari, which we granted. As discussed in the remainder of our opinion, we think the Court of Appeals overlooked a fundamental defect in appellant's argument, which is that he did not preserve his objection at trial. Because we hold that Seabrooks waived his right to object, we affirm the court's result in its second division, while pretermitting review of most of its analysis and findings therein. However, we will undertake to briefly comment upon the court's treatment of the independent crimes and cumulativeness issues.

1). The primary issue in this case is, simply stated, whether the trial court erred in admitting Josey's testimony, and the first question in reviewing such an enumeration of error is whether the appellant objected to admission of the evidence in a legally sufficient manner. In the instant case the Court of Appeals found that Seabrooks objected to the admissibility of Josey's testimony as impermissibly placing his character in issue, *Seabrooks,* supra at 748, but we do not believe that that finding is an accurate assessment of the colloquy at trial. Specifically, we think that the objection was untimely, and that it lacked

specificity.

The failure to make a timely and specific objection is treated as a waiver. *Herrin v. State,* 230 Ga. 476 (1) (197 SE2d 734) (1973). Here, appellant's objection came before any of Josey's testimony, and at that point neither the substance of his expected testimony nor the purpose for which it was offered was apparent from the state's question or the trial proceedings. Although it is true that the state then proceeded to generally indicate the purpose of the forthcoming testimony, the state did not specifically allude to either the fact that the aim of the search had been to locate stolen property, or the fact that marijuana had been discovered, and Seabrooks did not attempt to probe for further details. Therefore, at the time the trial judge considered appellant's objection, the specific subject matter of Josey's testimony had not yet been made known to the court, and the court did not abuse its discretion by refusing to rule on the admissibility of Josey's testimony prior to its adduction. Seabrooks then had the burden to object when the testimony was elicited. Because he did not do so, and because his anticipatory objection did not point to the specific evidence sought to be excluded, he therefore waived his right to enumerate the admission of the evidence as error on appeal.

2). There is an additional ground upon which we hold that the trial court did not err by admitting Josey's testimony. As we have previously noted, that testimony referred to possession of both marijuana and stolen property. The Court of Appeals did not determine whether the reference to stolen property was erroneously admitted, but it did hold that the trial court should not have allowed the jury to hear about the marijuana. For the reasons we give below, we disagree with that finding, and, because we hold that the testimony about marijuana was admissible, we also find that Seabrooks waived his objection as to the remainder of Josey's testimony. First, we think that the evidence of marijuana possession was admissible. "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson,* 246 Ga. at 655, supra. Whether evidence of a separate crime is admissible necessarily turns on the facts of each case, and is, in the last analysis, a judgment call. *Johnson,* id. at 656.

In the instant case, we need not determine whether the alleged independent crime of possession of marijuana was factually similar to the offense of sale of cocaine, since we find that under the facts of this case there was a sufficient logical connection between the alleged

independent crime and the offense for which Seabrooks was tried. *State v. Johnson,* 246 Ga., supra; *Walraven v. State,* 250 Ga. 401 (4) (b) (297 SE2d 278) (1982). In our judgment, the evidence of marijuana possession was probative of appellant's motive, intent and state of mind, because the quantity of marijuana in his possession was so substantial that it clearly implied that he was selling it, or intended to sell it. Appellant's primary defense at trial was entrapment; the clear inference that, 10 months prior to the alleged sale of cocaine, Seabrooks was selling or intended to sell another illegal drug supports the further inference that the idea and intention of selling cocaine originated with Seabrooks, and was not induced by undue persuasion, incitement, or deceitful means. The fact of marijuana possession is therefore directly relevant to rebut appellant's entrapment defense. *Marshall v. State,* 143 Ga. App. 249 (3) (237 SE2d 709) (1977); *McNorton v. State,* 159 Ga. App. 604 (284 SE2d 107) (1981).

"[W]hen evidence is offered, part admissible, and part inadmissible, and the objection is to the evidence as a whole, it is not error to admit the whole." *Herrin,* supra at 477. Because appellant's general objection went to at least some admissible evidence, it was not error to admit the whole of Josey's testimony.

3). As noted above, the Court of Appeals concluded that admission of the testimony about marijuana possession was harmless because it was substantially to the same effect as, and hence was cumulative of, the unobjected to evidence of sale of Quaaludes. In light of our above conclusions, we need not consider the court's harmless error analysis except to observe that the court's application of the term "cumulative" was not accurate. Assuming that the two items of evidence were substantially to the same effect, they nevertheless did not concern essentially the same facts, and hence were not cumulative. *Hall v. State,* 243 Ga. 207 (1) (253 SE2d 160) (1979); *Williams v. State,* 159 Ga. App. 508, 510 (284 SE2d 27) (1981); *Kerr v. State,* 154 Ga. App. 470 (3) (268 SE2d 762) (1980).

*Judgment affirmed as to Division 2. All the Justices concur, except Smith, Gregory and Weltner, JJ., who concur in the judgment only.*

DECIDED OCTOBER 25, 1983.

*Larry S. Herrington, Philip B. Spivey,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.