A89A0462. DAVIS v. THE STATE.
(382 SE2d 396)

BANKE, Presiding Judge.

Davis was originally indicted for four counts of burglary. In a superseding indictment, seven more burglary counts were added, for a total of eleven. The trial court granted a motion by the appellant to sever the four original counts from the seven additional counts, and the case proceeded to trial on the original counts. The appellant was convicted on one of the counts as charged, was found guilty of the lesser included misdemeanor offenses of theft by taking and criminal trespass, respectively, with respect to two of the counts, and was acquitted on the remaining count. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in admitting evidence of his involvement in three of the seven additional burglaries charged in the amended indictment. The evidence in question con-

sisted of the testimony of two alleged accomplices who had been involved in these three burglaries, each of which had occurred within the same general vicinity and during the same time period as those for which the appellant was on trial. In each of the three additional burglaries, entry to the building had been gained by knocking a hole through a wall with a sledge hammer. This had also been the manner of entry in two of the alleged burglaries for which the appellant was on trial. The evidence concerning the additional burglaries was admitted with a limiting instruction to the jury that it could only be considered "solely with reference to the mental state, identity, or intent of the defendant insofar as the same is applicable to or refers to or illustrates the charge or charges" for which he was being tried.

"[E]vidence of independent crimes is admissible for limited purposes if two conditions are met: ' "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. (Cits.)" ' If these conditions are satisfied, evidence concerning the independent crimes may be admitted for the purposes of showing, among other things, identity, motive, plan, scheme, bent of mind, intent, and course of conduct. [Cits.]" *Kilgore v. State*, 251 Ga. 291, 296-297 (305 SE2d 82) (1983). We hold that these conditions were satisfied in the present case and that, accordingly, the evidence in question was properly admitted.

2. The appellant contends that the trial court erred in admitting evidence that he had asserted his right to remain silent following his arrest. Although evidence was admitted concerning a statement the appellant had made after executing a waiver of his *Miranda* rights and before invoking his right not to answer any further questions, the appellant's invocation of his right to remain silent was not revealed to the jury. Accordingly, this enumeration of error is without merit. Compare *Durden v. State*, 250 Ga. 325 (3) (297 SE2d 237) (1982).

3. During his cross-examination of the investigating officer, appellant's counsel inquired about whether fingerprints had been found at one of the crime sites. The officer responded: "There were no fingerprints because of the gloves." Counsel then asked whether there were any gloves on the prosecutor's table, to which the witness stated: "No sir, I don't see any gloves on the table. We were told by both co-defendants that that was one of the rules of operation." At that point, counsel for the appellant moved for mistrial on the ground that the officer's response was violative of a prior ruling barring the admission of any statements made to law enforcement officers by the appellant's alleged accomplices. The motion was denied, and the jury was instructed to disregard the officer's remark.

On appeal, the appellant contends that the remark was so preju-

dicial that the trial court's denial of his motion for mistrial deprived him of his right to a fair trial. Viewed in the context of the strong evidence of the appellant's guilt properly before the jury and of the trial court's instruction to the jury to disregard the remark, we conclude that the denial of the motion for mistrial did not constitute an abuse of discretion. See generally *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983), overruled on other grounds in *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984).

4. The appellant contends that the trial court erred in admitting into evidence an inculpatory custodial statement which the appellant had made during a conversation with a deputy sheriff at the conclusion of the first day of trial. This conversation had occurred while the two were standing together outside the courthouse waiting for the arrival of a patrol car to transport them to the county jail. The deputy testified that the appellant, with apparent reference to the testimony elicited earlier that day from his two alleged accomplices, spontaneously remarked to him: "They dropped more dimes on me than Southern Bell." The deputy said he replied by commenting that if he were ever to consider doing anything like that, he would do it alone, to which the appellant responded, "[I]f I ever do anything else like that, . . . I would definitely not do it with anybody."

" '[I]nterrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297) (1980). In the present case, it does not appear as a matter of law from the evidence that the deputy knew or should have known that his responsive statement was reasonably likely to elicit an incriminating response from the appellant. This was a question of fact to be resolved by the trial court; and we cannot say that the trial court abused its discretion, under the circumstances, in concluding that no interrogation had occurred. It follows that the court did not err in allowing the testimony. Compare *Hubbard v. State*, 187 Ga. App. 542 (4) (371 SE2d 116) (1988).

5. The trial court instructed the jury that if they determined that the appellant had been in possession of recently stolen property, "that would be a circumstance along with all other evidence from which the jury might infer guilt as to the charge of burglary or theft by taking . . . [u]nless, of course, there should be from the evidence a reasonable explanation of his possession of such property consistent with his plea of innocence, which again is a question solely for you, the jury, to determine." The appellant challenges this instruction as unconstitutionally burden-shifting. As the charge was couched purely in terms of permissible inferences, this enumeration of error is with-

out merit. See *Aiken v. State,* 226 Ga. 840 (178 SE2d 202) (1970); *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303) (1976); *Bankston v. State,* 159 Ga. App. 342 (4) (283 SE2d 319) (1981). Cf. Suggested Pattern Jury Instructions, Council of Superior Court Judges of Ga., Vol. II (Criminal Cases) at pp. 125-126 (1984 ed.).

6. The appellant contends that the trial court erred in ordering him to pay restitution to all three victims (including the misdemeanor victims) as a condition of the probation which he received on the burglary conviction. During the sentencing, the trial court initially expressed reluctance to order the appellant to pay restitution and ultimately did so only after appellant's counsel affirmatively asserted his client's willingness and ability to pay restitution to each of the three victims as a condition of probation. Quite evidently, counsel's purpose in doing so was to provide an inducement for the court to allow him to serve a longer portion of his sentence for burglary on probation. Under such circumstances, the appellant will not now be heard to complain on appeal that this condition of probation was unlawful. Compare *Robinson v. State,* 169 Ga. App. 763 (315 SE2d 277) (1984) (holding that it was error to order a defendant to make restitution with respect to "untried charges").

7. Based on our review of the transcript, we hold that the evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the three offenses of which he was convicted. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 16, 1989.

*Verna L. Smith,* for appellant.

*Edward D. Lukemire, District Attorney, George R. Christian, Assistant District Attorney,* for appellee.