A89A1365. WILEY v. THE STATE.
(386 SE2d 523)

SOGNIER, Judge.

Terry Wiley was indicted on charges of burglary and rape. He was convicted of burglary and attempted rape and appeals.

1. Appellant contends the trial court erred by admitting a tape recorded statement made by appellant to the police without excising those portions of the tape in which appellant discussed getting and using illegal drugs. "We find no error. 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense.' [Cit.]" *Berryhill v. State*, 235 Ga. 549, 551-552 (6) (221 SE2d 185) (1975).

2. Appellant contends the trial court erred by charging the jury as to attempted rape because the evidence authorized the jury to consider only rape or nothing at all. However, the victim testified at the trial that while appellant's co-defendant did rape her, appellant failed to penetrate the victim when he climbed on top of her and went "through the motions of the" act because the victim was able to ge

appellant off her "to the point that he didn't [succeed] to what he was doing . . . ." Such evidence is, to say the least, some evidence of attempted rape, and where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *Cole v. State*, 186 Ga. App. 243, 244 (3) (366 SE2d 844) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989 —
REHEARING DENIED SEPTEMBER 18, 1989.

Dan T. Pressley, Sr., for appellant.
Michael G. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney, for appellee.