## A89A1533. BLANOS v. THE STATE.
(386 SE2d 714)

McMurray, Presiding Judge.

Defendant appeals his conviction for driving a motor vehicle while having a prohibited concentration of alcohol in his body. OCGA § 40-6-391 (a) (4). *Held:*

1. In his first enumeration, defendant contends the trial court erred in denying his motion for an independent expert to examine the Intoximeter 3000 that was used to test his breath. Defendant argues that the due process requirements of *Patterson v. State*, 238 Ga. 204 (232 SE2d 233), demand that his expert be given an opportunity to examine the machine which was used to measure the amount of alcohol in his breath. This argument is without merit.

In *Patterson*, the Supreme Court held that a defendant charged with possession of marijuana has the right to an independent analysis of the alleged marijuana. In *Sabel v. State*, 248 Ga. 10 (282 SE2d 61), the Supreme Court went further and held "that the due process requirements of *Patterson* . . . are not limited to narcotics cases [, but that a] criminal defendant on trial for his liberty is entitled on motion timely made to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." *Sabel v. State*, 248 Ga. 10, 16 (6), 17, supra. In the case sub judice, defendant is not seeking an independent examination of "critical evidence" which led to his conviction, i.e., a sample of his breath, he seeks to test the equipment which was used to measure the level of alcohol in his breath. This distinction places defendant's request for an independent expert examination of the Intoximeter 3000 that was used to test his breath outside the safeguards of *Patterson*. Nothing in *Patterson* or *Sabel* requires the State to allow a defendant access to equipment which is used to examine evidence gathered during a criminal investigation. Moreover, if the Intoximeter 3000 that was used to test defendant's breath had been tested by defendant's expert on or after the date of defendant's motion, the testing would not prove that the machine gave an inaccurate reading for defendant since the original tests con-

dition, including defendant's own physical condition, could not have been duplicated. See *Kuptz v. State*, 179 Ga. App. 150, 152 (9) (345 SE2d 670). Consequently, the trial court did not err in denying defendant's motion for his expert to examine the Intoximeter 3000 that was used to test his breath.

2. Defendant's second enumeration is rendered moot by the holding in Division 1 of this opinion.

3. In his final enumeration, defendant contends the State failed to lay a proper foundation for the introduction into evidence of the results of his breath test.

A DeKalb County "ID technician" testified that the results of defendant's breath test "were a .19 grams percent." The defense did not object to this testimony. After the defense cross-examined the "ID technician," the State offered a printed report which indicated the results of defendant's breath test. The defense then objected arguing that "[t]here is no evidence that the results appearing on [the printed report] are . . . accurate from a calibrated, State approved Intoximeter." "Failure to make a timely and specific objection at trial may be treated as waiver on appeal. *Seabrooks v. State*, 251 Ga. 564, 567 (308 SE2d 160)." *Bennett v. State*, 187 Ga. App. 234, 235 (369 SE2d 552). In the case sub judice, since the defense did not object to the results of defendant's breath test at the time the evidence was first introduced, any objection to the introduction of this evidence was waived. Consequently, there remains nothing for this court to review.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Paul H. Kehir*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., R. Andrew Fernandez, Assistant Solicitors*, for appellee.