A89A1666. MITCHELL v. THE STATE.
(387 SE2d 425)

SOGNIER, Judge.

Blair Warren Mitchell was convicted on two counts of aggravated assault and one count of rape. He filed this appeal.

1. Appellant contends the evidence was insufficient to support his convictions. Construed to support the verdict, the evidence adduced at trial showed that the rape victim and Robert Seay had dinner at a

hotel restaurant and encountered appellant, a casual acquaintance of Seay's, who asked them to join the group at his table. Appellant made comments about the rape victim's breasts, causing an argument which spilled out into the parking lot, at which point the manager of the restaurant asked them all to leave. The rape victim and Seay returned to their room at the hotel. The rape victim testified that as she was washing up in the bathroom she heard a knock on the door, which Seay answered, and then she saw appellant reflected in the bathroom mirror. The rape victim fought appellant, but he choked her into unconsciousness. When she awoke, she discovered that she was nude from the waist down, that she had been badly beaten, and that her face was swollen. It was later determined that her jaw had been broken in one place and fractured in another.

Seay testified that fifteen or twenty minutes after he and the rape victim left the restaurant and returned to their room, he opened the door and was struck by appellant with what he thought was a tire tool. Seay testified that the next thing he remembered was waking up in pain from a broken nose and two broken ribs and seeing appellant on top of the rape victim, who was flat on the floor with her legs pulled back and apart by appellant. Seay stated that from the inert state of the rape victim, he thought she was dead. Seay testified that when he picked up a chair and approached appellant, from that angle Seay saw appellant having intercourse with the rape victim. Seay testified he hit appellant with the chair, but that appellant then got up and attacked Seay again. After Seay pled for his life and convinced appellant he would not tell anybody about what happened, appellant dressed and left the room. Seay then got the manager of the hotel to contact the police and observed appellant being driven quickly away by appellant's girl friend.

This evidence is more than sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the aggravated assault on Seay and the aggravated assault and rape of the rape victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the State improperly introduced his character into evidence. The transcript reveals that appellant testified on direct that "I was sure that the law was going to come, and it was best for me to get away." When appellant's counsel asked him why he would want to get away from the law, appellant responded, "Habit. Training. Reflexes." On cross-examination, objection was made to the assistant district attorney's question "what was this habit and training from?" After the trial court overruled the objection, appellant answered the question by stating that "I do have a criminal record." Appellant subsequently testified that he had been convicted of robbery and when he testified he could not remember any other convic-

tions, the State laid the foundation and introduced appellant's numerous other prior convictions.

A defendant in a criminal case may testify in his own behalf. "If a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). We agree with the State that the assistant district attorney's initial question to appellant constituted proper cross-examination of testimony appellant had given on direct about his habit, training, and reflexes. " '(I)t was appellant, on direct examination, who introduced the topic. He cannot now complain that the prosecutor followed up on cross-examination. (Cit.)' [Cits.]" *Lockett v. State*, 188 Ga. App. 645, 646 (373 SE2d 768) (1988). It is thus not necessary to determine whether appellant's testimony on direct examination had "opened the character door," id., since it was appellant who introduced his character into evidence by discussing his criminal record in the response he chose to give to the prosecutor's proper cross-examination as to appellant's direct examination testimony. Therefore, we find no merit in appellant's second enumeration challenging the prosecution's questions.

Nor do we find any merit in appellant's final enumeration in which error is asserted in the admission of appellant's prior convictions. "In *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985), the Supreme Court held that when 'a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b), . . . (with the result that) the prosecutor may cross-examine him as to such conduct and may prove other prior convictions.' The evidence of the separate offenses [committed by appellant] was clearly admissible under the *Phillips* standard. . . ." *Spencer v. State*, 180 Ga. App. 498, 499-500 (1) (349 SE2d 513) (1986). Accordingly, the trial court did not err by overruling appellant's objections to the admission of his prior convictions.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 17, 1989.

*Glenn Zell*, for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Debra H. Bernes, Assistant District Attorneys*, for appellee.