A91A0750. BRENNEMAN v. THE STATE.

(407 SE2d 93)

McMurray, Presiding Judge.

Brenneman was indicted for burglary as a repeat offender and appeals his conviction and sentence.

At about 2:00 a.m. on August 12, 1986, a woman's third floor apartment was entered by an intruder who cut through a screen door. When the woman awakened and turned on the light the intruder fled. Although the woman did not see the intruder's face she described him as a white male with dark hair and wearing camouflage clothing. She immediately called the police, who arrived shortly thereafter. Appellant's car was found before morning in a parking lot next to the apartment complex, with the engine still warm and a camouflage patterned shirt in the front seat. After the Cobb County police unsuccessfully attempted to find appellant at his residence to question him, Detective Larry Watkins left a note requesting appellant to contact him.

On September 8, 1986, appellant's attorney, George Asinc, called Watkins to set up an interview and accompanied appellant to police headquarters. On Asinc's advice, appellant admitted being in the apartment on the night in question, but claimed he thought it was

occupied by a drug dealer named Carlos who had tried to recruit him as a drug runner and had obtained his name and address for that purpose. Appellant told Watkins he thought Carlos had entered his name and address in his laptop computer, and when he decided to back out of the arrangement he went to retrieve this information from the computer because he had an extensive criminal record. Asinc tried to arrange a deal whereby appellant would provide information about Carlos in return for a break on the charge, but subsequent investigation revealed that no one named Carlos lived in the apartment complex and the information given by appellant could not be verified. A warrant was taken out against appellant for burglary and he was indicted as a repeat offender. Appellant did not appear in court on the date scheduled for trial, but he delivered a letter to Asinc's office addressed to "To Whom It May Concern" explaining to the court that he was leaving because with his past criminal history the cards were stacked against him.

Appellant was arrested again in 1989 and contacted Ray Gary, Jr., an attorney with whom Asinc had practiced in 1986. Although he was unable to pay Gary's fee, Gary was appointed to represent him at trial. At trial, the State presented evidence consisting of the testimony of Detective Watkins, appellant's statement to the police and the letter he left with Asinc in 1986. He was found guilty by the jury and sentenced to serve 20 years without parole. Through another appointed attorney appellant filed a motion for new trial, which was amended to allege ineffective assistance of counsel. He was also granted permission to represent himself and further amended the motion to set forth specific allegations of ineffective assistance. Upon denial of the motion this appeal ensued. *Held*:

1. Appellant contends that the trial court improperly allowed the State to introduce evidence of his prior statement because there was no showing that Detective Watkins apprised him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The trial court found, and the evidence supports its finding, that appellant came to the police station on his own accord accompanied by his attorney for the express purpose of "trading information" by inculpating himself in regard to the burglary and then providing evidence of Carlos' drug dealing in exculpation; that it would not have been reasonable for appellant to believe that he was in custody when he made his statement until Watkins revealed he was not going to make a deal; and that appellant made no inculpatory statements after that point for the purposes of *Miranda*.

" 'It is settled that the safeguards prescribed by *Miranda* become applicable as soon as a suspect's freedom of action is curtailed to a "degree associated with a formal arrest." (Cit.)' *Berkemer v. McCarty*, 468 U. S. 420, 440 (104 SC 3138, 82 LE2d 317). Short of that point,

*Miranda* warnings need not be given. [Cit.] As it is said: 'For *Miranda* to apply a person must be taken into custody or otherwise deprived of his freedom of action in some significant way.' [Cit.]" *Riviera v. State*, 190 Ga. App. 823, 824-825 (1) (380 SE2d 353). "Crucial is whether a statement results from a custodial interrogation. If an accused volunteers a noncoerced statement then it is not necessary to invoke the tests which only apply to information obtained as a result of interrogation. This was recognized in *Miranda*, [supra, at 478], where it was held: '. . . Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.' Id. at 478.

"All statements obtained by the police after a person has been taken into custody are not to be considered the product of interrogation. *Rhode Island v. Innis*, 446 U. S. 291, 300 (100 SC 1682, 64 LE2d 297) (1980) explains: 'It is clear . . . that the special procedural safeguards outlined in *Miranda* are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.' " *Zubiadul v. State*, 193 Ga. App. 235, 237 (387 SE2d 431).

Whether or not appellant was in custody or under interrogation was a question of fact to be resolved by the trial court, and we cannot say that the trial court abused its discretion under the circumstances. *Davis v. State*, 191 Ga. App. 566 (4) (382 SE2d 396). This enumeration of error is without merit.

2. Appellant complains that he received ineffective assistance of counsel prior to trial from his first attorney George Asinc because Asinc advised him to incriminate himself and brought him to the police department without determining beforehand if there was any possibility of working out a deal. He also suggests that Asinc was somehow responsible for his letter explaining why he was not going to appear at trial in 1986 ending up in the State's possession. Asinc testified at the hearing on the motion for new trial that appellant had told him he was certain the victim could identify him because they had previously met on several occasions; and that based on this and the fact that appellant said he was unable to make bond, he advised appellant it would be in his best interest to voluntarily talk to the police rather than wait for them to run a photo line-up and have him

arrested and placed under bond.

It is clear from the testimony of both appellant and Asinc that the decision to talk to the police was a tactical one arrived at by mutual agreement based upon Asinc's professional judgment concerning the information supplied by appellant. Appellant concedes that he failed to prove that Asinc disclosed his letter to the State in violation of the attorney-client privilege. Also, as the trial court found, since the letter was addressed to "to whom it may concern," and referred to the court in the second person and to his lawyer in the third person, it appears to have been intended for the court and thus was not a confidential attorney-client communication.

" ' "To prove he has received ineffective assistance of counsel, '(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense.' (Cits.) 'Thus counsel's performance will not be found to be deficient if it falls within the range of "reasonably effective assistance." ' (Cit.)" (Cit.)' [Cit.] ' " 'The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' (Cit.) As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.)" (Cit.)' [Cit.] . . . ' "Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by [former] counsel does not require a finding that defendant's original representation was inadequate. (Cits.)" (Cit.)' [Cit.] Despite appellant's dispute with portions of his attorney's testimony, we find appellant's allegations of ineffective assistance of counsel to be without merit." *Powell v. State*, 198 Ga. App. 509 (1), 510-512 (402 SE2d 108).

3. Because of our ruling in the previous division it is unnecessary to consider appellant's contention that his trial attorney, Ray Gary, Jr., erroneously failed to assert Asinc's alleged ineffectiveness.

4. Appellant asserts that the letter explaining his flight from trial in 1986 was improperly allowed in evidence as a State's exhibit, both because it violated the attorney-client privilege and because it impermissibly placed his character in evidence by referring to his prior criminal record. We have already determined that the letter was not privileged and likewise find that it did not constitute impermissible character evidence. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense.' [Cit.]" *Berryhill v. State*, 235 Ga. 549, 551-552 (6) (221 SE2d 185). Accord *Wiley v. State*, 192 Ga. App. 808 (1) (386 SE2d 523).

5. Appellant's argument that the State's cross-examination regarding his prior convictions improperly placed his character in evidence also must fail. Having introduced this topic in direct testimony appellant cannot complain that the State followed up on cross-examination. *Mitchell v. State*, 193 Ga. App. 214 (2) (387 SE2d 425). Furthermore, since no timely and specific objection was made at trial, it may be treated as a waiver on appeal. *Seabrooks v. State*, 251 Ga. 564, 566 (308 SE2d 160); *Blanos v. State*, 192 Ga. App. 835 (3) (386 SE2d 714).

6. Appellant's final enumeration of error complains that the trial court erroneously sentenced him as a recidivist under OCGA § 17-10-7 (b) because the State did not prove that his prior out-of-state convictions would be felonies within this state as required by the recidivist statute. However, the trial transcript reveals that when appellant was questioned about these Virginia convictions, he readily acknowledged that they would be felonies under Georgia law. Moreover, appellant did not object to their admission at the sentencing hearing. " 'The time for a defendant to challenge the validity of the convictions on which a recidivism charge is made is when the [S]tate attempts to prove them at the sentencing. . . .' [Cit.]" *Aldridge v. State*, 158 Ga. App. 719, 722 (4) (282 SE2d 189). Thus, this enumeration is also without merit.

*Judgment affirmed. Sognier, C. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I concur in the judgment and all the divisions of the opinion except Divisions 2 and 3.

In addressing appellant's claims in Divisions 2 and 3 based on pre-charge, pre-trial, ineffective assistance of counsel, it is not necessary to reach the merits of the ineffective assistance allegation. Even if appellant's pre-trial counsel provided ineffective assistance under these circumstances, no constitutional ineffective counsel question is presented because no adversary judicial proceedings had been initiated against appellant at that time. The appellant's Sixth and Fourteenth Amendment right under the United States Constitution to be represented by counsel attached only after adversary judicial proceedings were initiated against him. *United States v. Gouveia*, 467 U. S. 180 (104 SC 2292, 81 LE2d 146) (1984); *Kirby v. Illinois*, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *State v. Simmons*, 260 Ga. 92, 93 (390 SE2d 43) (1990); *Houston v. State*, 187 Ga. App. 335, 339 (370 SE2d 178) (1988). Since appellant had no constitutional right to be represented by counsel during the events of which he complains, he could not have been deprived of the effective assistance of counsel by any alleged deficiency in his attorney's representation. *Wainwright v.*

*Torna*, 455 U. S. 586, 587-588 (102 SC 1300, 71 LE2d 475) (1982); accord *People v. Claudio*, 453 NE2d 500 (N.Y. 1983) (Defendant confessed to police in non-custodial setting. No constitutional right to effective assistance of counsel attached. Despite ineffective counsel, defendant's statements were not suppressed.)

DECIDED JUNE 21, 1991.

*Edwards & McLeod, Jennifer McLeod*, for appellant.

*Thomas J. Charron*, District Attorney, *Donald T. Phillips, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.