**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 26, 2012

# In the Court of Appeals of Georgia

A12A0367. ANTHONY v. THE STATE.                    DO-014 C

DOYLE, Presiding Judge.

Following a jury trial, Joseph Anthony was convicted of hijacking a motor vehicle,[1] armed robbery,[2] and possession of a firearm during the commission of a crime.[3] Anthony appeals the denial of his motion for new trial, arguing that the trial court erred by admitting into evidence his custodial statement after he invoked his right to counsel.[4] We affirm, for the reasons that follow.

---

[1] OCGA § 16-5-44.1 (b).

[2] OCGA § 16-8-41 (a).

[3] OCGA § 16-11-106 (b) (1).

[4] Anthony's initial direct appeal was dismissed as untimely, and the trial court granted his subsequent motion for an out-of-time appeal.

Viewed in favor of the verdict,[5] the record shows that on January 28, 2002, Andrea Howard was at a car wash when Anthony and another man approached her vehicle. Anthony told her to exit the car, lifted up his shirt, and "went for his gun," which was in the waistband of his pants. Howard complied, and the men left in her car, with Anthony driving and the other man in the passenger seat. Approximately 30 minutes later, Howard's car was recovered at a nearby park; her cell phone, CDs, house keys, and recent purchases had been removed from the car.

During the subsequent investigation, the police learned that Anthony and another man had entered a Money Back store across the street from the car wash shortly before Howard was robbed, and they had left without making a purchase. A videotape from the Money Back surveillance camera captured images of the two men, and the police obtained still shots from the video to show to people in the area. After a witness identified Anthony as one of the men in the photograph, the police prepared a photo lineup with Anthony's picture and showed it to the Money Back manager, who identified Anthony as one of the men who had been in the store shortly before

---

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

the robbery. The carjacking victim, Howard, also positively identified Anthony from a photo lineup, indicating that he was the man with the gun.[6]

Following Anthony's arrest, Detective Clifford Byrd checked Anthony out of jail and transported him to police headquarters. In a room at headquarters, Byrd advised Anthony of his constitutional rights, and Anthony signed an acknowledgment-of-rights form. After Anthony invoked his right to counsel, Byrd took him to a patrol car to return him to jail. As they approached the gate to the jail, Anthony said, "[O]kay, I'll tell you what you need to know. . . . He said, let's go back to the office." They then returned to police headquarters, where Anthony told the detective that he "was a part of it" and that he took Howard's car to "get some cash." Anthony also told the detective that "the other guy had the gun" and that they left Howard's car at the park, where it was found following the robbery. Anthony did not give a written statement and his verbal statement was not recorded. Byrd testified that he did not advise Anthony of his rights a second time because his statement was made approximately ten minutes after they left police headquarters.

---

[6] Howard and the store manager both identified Anthony at trial as well.

Before trial, Anthony moved to suppress his statement, contending that it was made after he had invoked his right to counsel. At the *Jackson-Denno*[7] hearing, Byrd testified that he did not force, coerce, or threaten Anthony to make a statement, nor did he promise Anthony any benefit, hope, or reward, and Anthony's statement was made freely and voluntarily. At the hearing, Anthony conceded that he admitted his involvement in the robbery. According to Anthony, he made the statement after Byrd told him that he could possibly receive a reduced sentence if he cooperated and that if Byrd believed that Anthony's girlfriend was lying about Anthony's whereabouts at the time of the incident, the officer "was going to take her to jail and possibly get [Anthony's] little girl put into foster care or whatever."

Following the *Jackson-Denno* hearing, the trial court concluded that Anthony's statement was admissible, stating:

[T]his is how I find it by a preponderance of the evidence. I find by agreement, since it's not disagreed that the defendant was lawfully under arrest and was housed at the Muscogee County Jail. That he was removed by the officer and appropriately advised the defendant [sic] of his rights, which he understood. Once again by stipulation. I find that at some point during the course of that discussion the defendant did, and the request was honored by Detective Byrd, did invoke his right to

[7] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

4

counsel and that all interrogation ceased. I find that subsequent to that time that the defendant did freely, voluntarily[,] and intelligently reinitiate the conversation without any prompting whatsoever from the [d]etective and that the statement is admissible under the law of this state.

Anthony, in his sole enumeration of error, appeals the trial court's denial of his subsequent motion for new trial, arguing that the trial court erred by admitting his custodial statement because it was obtained after he had invoked his right to counsel.[8] We disagree.

In ruling on the admissibility of an in-custody statement, the trial court must look to the totality of the circumstances to decide whether the statement was made freely and voluntarily. The trial court's factual findings and credibility determinations regarding the admissibility of in-custody statements will be upheld on appeal unless clearly erroneous. Generally, if there is evidence supporting the trial court's decision to admit statements, it will be upheld on appeal.[9]

Once an accused has "expressed his desire to deal with the police only through counsel, [he] is not subject to further interrogation by the authorities until counsel has

---

[8] We note that Anthony does not contend that he invoked his right to remain silent.

[9] (Citations omitted.) *Milinavicius v. State*, 290 Ga. 374, 375 (2) (721 SE2d 843) (2012).

been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."[10] Here, it is undisputed that Anthony unequivocally invoked his right to counsel after Byrd advised him of his *Miranda*[11] rights. Thus, "the law requires analysis of whether, after a request for counsel, the police subjected [Anthony] to *further interrogation,* and, if so, whether the additional questioning was initiated by [Anthony] rather than the police."[12]

Detective Byrd testified that after Anthony invoked his right to counsel, the detective placed him in a patrol car to return him to jail, and before the gate to the jail opened, Anthony spontaneously offered to tell the detective about his involvement in the incident. Although Anthony testified that he made his statement after Byrd continued to interrogate him after he had invoked his right to counsel, we defer to the trial court on credibility determinations and factual findings. Given Byrd's testimony

---

[10] *Edwards v. Arizona*, 451 U. S. 477, 484-485 (II) (101 SC 1880, 68 LE2d 378) (1981).

[11] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[12] (Emphasis in original.) *State v. Brown*, 287 Ga. 473, 476 (2) (697 SE2d 192) (2010).

6

that Anthony spontaneously initiated further conversation with him, the trial court did not err by admitting Anthony's statement at trial.[13]

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[13] See *Hopkins v. State*, 263 Ga. 354, 357 (3) (a) (434 SE2d 459) (1993), citing *Zubiadul v. State*, 193 Ga. App. 235, 433-434 (387 SE2d 431) (1989).